# EAST END TIRE & OIL CO. v. RICHARD MALLORY, by Next Friend.

Western Section. July 11, 1925.

Certiorari denied by Supreme Court January 15, 1926.

1. **Evidence. Negligence. Evidence examined and held to sustain defendant's negligence.**

In action by small boy to recover for personal injuries caused by being struck by defendant's truck when evidence showed that driver did not see boy until he hit him and that driver did not signal his intention to turn into driveway, held sufficient evidence to warrant jury finding driver was guilty of negligence.

2. **Pleading. Trial amendment.**

Where plaintiff was granted leave during trial to amend declaration to conform to proof of where boy was riding, held amendment properly allowed.

3. **Continuance. Denial on account of trial amendment.**

In an action for personal injuries where trial amendment was allowed to make declaration conform to proof of place boy was riding and when court offered to continue cause from two o'clock in the afternoon until nine-thirty following morning to give defendant time to produce proof to contradict allegation, and where offer was refused and no showing was ever made that defendant could obtain further evidence, held court properly refused a continuance.

4. **Trial. Instructions.**

Instructions examined and held to properly submit issues to jury.

5. **Trial. Evidence held to warrant an instruction on ordinance regulating speed of motor cars.**

In an action to recover for personal injuries sustained by being struck by a truck where it was alleged truck was being driven in violation of an ordinance which limits the speed of an auto when turning in a street 'o eight miles per hour, where there was evidence that truck was going fast and that it ran twenty-five to twenty-seven feet before it could be stopped, held plaintiff was entitled to have ordinance submitted to jury.

6. **Trial. Instructions. Instructions must be construed as a whole.**

When instructions as a whole properly charge jury, small excerpt cannot be picked out and complained of as erroneous.

7. **Trial. Instructions. Party not entitled to an instruction on matter eliminated by trial amendment.**

Where an allegation is eliminated by a trial amendment, the adverse party is not entitled to an instruction on that allegation.

8. **Trial. Instructions. Instruction on "due care" held good.**

Instruction telling jury truck driver is obligated with duty of using ordinary and reasonable care not to injure others, held good.

9. **Damages. $2400 held not excessive for broken leg.**

When boy's leg was broken between knee and hip and evidence showed he spent weeks in bed and suffered great pain and he would be crippled, $2400 verdict held not excessive.

10. **Damages, $600 held not excessive for mother's loss of services of nine-year-old boy.**

When mother lost services of son for twenty-eight weeks and evidence showed he earned $6 per week and did chores, and mother expended $300 for medical attention, $600 held not excessive for loss of services.

Appeal in Error from Circuit Court, Shelby County; Hon. H. W. Laughlin, Judge.

Affirmed.

Lowell Taylor, of Memphis, for plaintiff in error.

Wilson, Gates & Armstrong, of Memphis, for defendant in error.

OWEN, J.   Richard Mallory, by his mother, Mrs. S. E. Mallory, as next friend, recovered a judgment against the East End Tire & Oil Company, a corporation, in the sum of $2400 for personal injuries. His mother recovered the sum of $600 for the loss of services, medical bills, etc. The two causes were tried together by the same jury, and separate verdicts reported, and the Tire & Oil Company has appealed.

Hereafter, Richard Mallory will be referred to as plaintiff and the Tire Company as defendant.

The plaintiff was struck by a truck driven by an agent and servant of the defendant. The plaintiff is a small boy, fourteen years of age at the time of the accident. Among other things, as acts of negligence, the plaintiff alleged the following: "(b) The defendant's truck, which was proceeding north on Cooper street, undertook to turn into the defendant's garage just as plaintiff was crossing the driveway.

"(c) The driver gave no notice of his intention to turn and recklessly, negligently and wilfully drove the truck into and upon the plaintiff.

"(d) The defendant employed a servant, knowing him to be incompetent and inexperienced, or by the exercise of reasonable care should have known that he was incompetent and inexperienced.

"(e) The driver was violating Section 20 of the City Ordinance in that he was driving at a greater rate of speed that was reasonable, and in that he was driving so as to endanger the persons and property on said street, and that he was driving at a greater rate of speed than eight miles per hour.

"(f) The driver was violating another provision of the City Ordinance, in that he did not extend his hand up at an angle of forty-five degrees before turning, in such manner that such signal was plainly visible.

"(g) The defendants were violating and acting in careless disregard of a City Ordinance which requires every operator of every vehicle for service, public hire, etc., to have license."

"The declaration averred that as a result of said accident the plaintiff's leg was broken, and contained the usual averments of

pain and suffering, and 'his gait and freedom of locomotion has been severely and permanently impaired.' "

Originally the declaration also contained an averment that the plaintiff was riding on the sidewalk when he was struck. During the trial the plaintiff was permitted to amend his declaration by striking out the averment that he was riding on the sidewalk at the time of the injury. The defendant resisted this amendment. The defendant filed a plea of not guilty. It also insisted that by its plea the plaintiff was guilty of negligence in riding a bicycle on the sidewalk. The proof, however, shows that the plaintiff was not riding on the sidewalk at the time of the injury. After the verdict of the jury was returned the defendant seasonably filed its motion for a new trial as to both verdicts, which motion contained a number of grounds, and which motion was overruled by the court. The defendant duly excepted thereto, prayed and was granted an appeal to this court, perfected the same and has signed a proper bill of exceptions and has filed thirteen errors in this court.

The first error is, "there is no evidence to support the verdict."

The second is, "the verdict is excessive."

The third is, "the court erred in permitting the plaintiff to amend his declaration by striking out the allegation that plaintiff was riding on the sidewalk at the time of the accident."

The fourth is, "the court erred in not granting the defendant a general continuance of the case after the plaintiff had been permitted to amend its declaration."

The fifth, sixth, seventh, eighth, ninth, eleventh, twelfth and thirteenth assignments of error complain of certain errors in the court's charge to the jury.

The tenth and eleventh assignments complain of the court's refusing to charge two certain special requests, which will be set out later.

The plaintiff testified that he had stopped in front of the defendant's place of business which is on Cooper street, a street that runs north and south, in the city of Memphis. The plaintiff was having some air put in the tires of his bicycle. The defendant's place of business fronted west on Cooper street. This place of business was near Madison street, Madison street being south of the defendant's place of business. The plaintiff testified that after he had the air put in his bicycle tire he mounted his bicycle and started north, riding on some cinders which were in Cooper street; that the defendant's truck came from the south going north at a rapid rate of speed, came up behind plaintiff, and without warning turned suddenly to the right and to the doorway of defendant's place of business and struck the plaintiff and injured him. The plaintiff testified that just as he started on his bicycle the truck came up be-

hind him and turned towards the east and side-swiped him. We quote from plaintiff's testimony as found in the record as follows: "Q. How long after you got your air was it before you looked back and saw the truck coming? A. Oh, I just rolled down a little west to see if there was any cars coming. Q. You looked back? A. Yes. Q. And was the truck coming fast or slow? A. Coming pretty fast. Q. Which way was it going then? A. North on Cooper. Q. Was the man driving the truck holding out his hand or doing anything to indicate a turn? A. No, sir. Q. Did you know he was going to turn into that driveway? A. No, sir. Q. Were you riding slow or fast? A. I was riding slow. Q. Were you looking where you were going or not? A. Yes, sir, I was looking. Q. How long had you been riding a bicycle at that time? A. Six years. Q. Now when was the first information you had that he was going to turn into that doorway? A. Right there when he was on me. Q. When he was right on you? A. Yes, sir. Q. How close was he on you when he called? A. Oh, right where he hit pretty near. Q. Right where you hit? I see. . . . Q. Now, Richard, when you were going north, riding north on your bicycle, between the air plug and this truck you saw coming behind you, was looking north—you see what I mean? A. Yes, sir. Q. Both of you going north, whether he was riding behind you or between you and the wall or over to the left of you, how was it, straight, the truck, going along there? Q. If he had been going straight he would have missed you three or four feet if he had not turned in on you? A. Yes, sir. . . . Q. Now, you notice there are some tracks going into the doorway where you walked, where you got hurt, kind of curving into that doorway? A. Yes, sir. Q. State whether or not the same kind of curving tracks were in that doorway at that time as shown in this picture here? A. What do you mean? Q. I mean how automobiles had gone into that doorway from time to time. Did it show tracks of that? A. Yes, sir. Q. Curve the same way these do now? A. Yes, sir."

The plaintiff was corroborated by Grady Garner, a boy thirteen years of age who also stopped at the defendant's air pump to get air for his (the witness') bicycle. He testified that the defendant's driver turned sharply; that if Richard had continued north, and the driver had gone north as he was going when witness first saw him;—that is, if the truck had not turned into the driveway or door, it would not have struck Richard. There is evidence that the driver did not put his hand out, or extend his hand, indicating that he was going to make a turn. The driver disputes this. The driver did not sound his horn as he approached the plaintiff and approached the point where he turned into the driveway. He admitted that he didn't have any horn on the truck and had not had

one on said truck for many weeks. He testified that he holloed at the plaintiff when he observed that he was going to come in contact with him. The driver testified that he began to slow down the truck at least twenty feet from the entrance to the garage. The defendant owns, as stated, a garage or place of business on Cooper street. It has wide doors which are used for ingress and egress to the garage or building. The chauffeur testified that he had the truck in low gear and was not going over four miles an hour and did not see the plaintiff until the front of his truck was on the sidewalk; that he then saw Richard, or the plaintiff, on his bicycle on the sidewalk coming towards the truck, and that he holloed to the plaintiff. Thereupon the plaintiff made a left turn with his bicycle and ran into the rear of the truck. The plaintiff's witnesses testify that the plaintiff was fifteen feet from the doorway when he was struck.

We are of opinion that the jury was warranted in finding that the driver of the truck was not on the lookout, and that he could have seen this boy had he been on the lookout, using his eyesight in the proper manner. It is insisted that should the driver have extended his hand, as it was his duty to do, that the plaintiff wouldn't have seen the extended hand because the plaintiff's back was towards the driver. We are of opinion that the defendant cannot rely upon this defense. Some of the witnesses to the accident might have seen the extended hand and observed that the defendant's driver was going to make a sharp turn and by thus observing would have given a warning to the plaintiff.

It results that we find that there is material evidence upon which the jury could base a verdict in favor of the plaintiff and find that the defendant's agent or servant was guilty of negligence in the manner and under the circumstances in which he drove the truck from Cooper street into the defendant's garage, and that he did not use due care in extending his hand when he made the turn or gave warning to this plaintiff who, he admits, that he did not see and whom he could have seen had he been properly looking.

It results that the first assignment of error is overruled.

The third and fourth assignments of error relate to the court permitting the plaintiff to amend his declaration by striking out the allegation that the plaintiff was riding on the sidewalk when struck and in not granting the defendant a continuance. In regard to the amendment, the court stated to counsel for the defendant that he would continue the case from two o'clock in the afternoon until 9:30 the following morning, in order to give the defendant an opportunity to produce any available proof that would contradict plaintiff's allegation that he was not on the sidewalk at the time of the injury. The defendant did not accept this offer, and the defendant has never in its motion for a new trial, or otherwise, shown

that it could have contradicted plaintiff's evidence in regard to riding on the sidewalk, further than it did in the testimony of its chauffeur. A number of days elapsed between the verdict of the jury and disposition of the motion for a new trial, but the defendant did not offer to bring forth any additional proof that would corroborate its witness the chauffeur. We are of opinion that it was proper to allow this amendment. We realize that attorneys, often in the practice of law and in the drafting of declarations, are not in possession of the full facts and facts which are developed by trial in the testimony make it incumbent upon the plaintiff to amend his declaration in order to make it conform to the proof. We think the proper practice was proceeded with in the amendment that was offered, and in the instant case the amendment was properly allowed and the defendant was not prejudiced by being refused a continuance. It results that we find no error in the action of the court in so allowing, and the third and fourth assignments of error are overruled and disallowed.

Learned counsel for the defendant discusses assignments, five, eight and twelve together. They complain of certain excerpts from the court's charge, and are as follows:

Assignment No. 5 is, "The plaintiff avers that the defendants were further negligent in that they employed a servant knowing him to be incompetent and inexperienced, or by the exercise of reasonable care should have known that he was incompetent and inexperienced.

Assignment No. 8 is as follows: "In charging the jury as follows: "In turning a corner at intersecting streets, or in turning upon a curve or turn in the streets, the rate of speed shall not exceed eight miles per hour. That is fixed positively, and under no circumstances can the driver of an automobile or automobile truck in turning a corner at intersecting streets, or in making a turn on a street, operate his car at a greater rate of speed than eight miles per hour."

Assignment No. 12 is, "The plaintiff further avers that as a result to him of said truck being run upon and against him that he was knocked down, run over by said truck and severely injured; that his right leg and right hip was broken, and that his left leg was badly contused in several places; that he was forced to remain in the hospital for several weeks; that he was forced to wear a plaster cast on his right leg and about his waist for many months, and that his gait and freedom of locomotion has been severely and permanently impaired."

It is insisted by these assignments of error that the court submitted issues to the jury when there is no evidence to support the same. We are of opinion that learned counsel for defendant is in error in saying that the court submitted these issues to the jury.

The court stated the substance of the plaintiff's declaration;—that is, he gave the allegations of plaintiff's declaration; but when he gave the jury the plaintiff's theory and told the jury under what circumstances the plaintiff could and could not recover he did not mention any of the matters complained of in these assignments. We are of opinion that when he submitted the theory upon which plaintiff could recover if the jury found that the plaintiff had sustained this theory by a preponderance of the evidence, then these questions or allegations complained of were excluded and were not determinative issues in the case.

What we have said in regard to these assignments certainly control assignments 5 and 12.

The eighth assignment complains of that part of the charge submitted to the jury with reference to the city ordinance which limits the speed of an automobile when turning upon a curve or turning in a street, to eight miles an hour. There is proof in the record that when the chauffeur turned he was going fast; and while there is no proof that he was going more than eight miles an hour there is proof by witnesses that he was going fast, and we are of opinion that there was no error in submitting this ordinance to the jury. There is proof to show that the truck ran seven steps, which is approximately 25 or 27 feet after it struck the plaintiff. The chauffeur said he was going very slow,—only about four miles an hour. When we take into consideration the evidence that the truck ran seven steps after it struck the plaintiff, and the testimony of witnesses that it was running fast, we are of opinion that the plaintiff had a right to have the ordinance submitted to the jury as shown by that part of the charge complained of, which is the basis of assignment No. 8.

The fifth, eighth and twelfth assignments are overruled.

The sixth assignment is directed at an excerpt from the court's charge, as follows: "And the rider of a bicycle, gentlemen, is chargeable under the law with the same degree of care not to injure others who may be using the street with him; that is, due care —this ordinary and reasonable care which has just been defined and explained to you."

It is insisted that the jury should have been instructed that a person riding a bicycle is chargeable, under the law, with the duty of exercising reasonable and ordinary care for his own safety. This excerpt should be taken in connection with the entire charge, especially that part wherein the court charged the city ordinance with reference to riding bicycles. The court charged the jury that if they found from a preponderance of the evidence that, at the time of the accident the plaintiff Richard Mallory was riding his bicycle along the sidewalk, then he was guilty of negligence per se, and "if you find that his negligence in riding his bicycle along

the sidewalk directly and proximately contributed to the said accident, when you should find for the defendant upon that said plea of contributory negligence, and return your verdict for them.''

We are of opinion that the defendant was not prejudiced by the excerpt complained of when we take it in connection with the entire charge, especially when we find that the trial judge charged the jury fully and fairly upon the law of contributory negligence, and there is no error in this portion of the charge and the assignment is overruled.

The seventh assignment complains of an excerpt from the court's charge, which is as follows: ''Now, gentlemen, if you find these alleged facts on which the defendants base their theory to be true, from the evidence in the case, and you accept the defendants' theory as to the occurrence of said accident, and if you further find that the defendants, through their said driver, were guilty of no negligence, which directly and proximately contributed to said accident, then you should find for the defendants, and return your verdict for them.''

It is insisted that this is prejudicial to the defendants, because the defendant's theory was that the plaintiff was guilty of proximate contributory negligence.

We are of the opinion that, in Ry. & L. Co. v. Dungey, 128 Tenn., 587; relied on by the defendant, the language used by the trial judge in relating the defendant's theory and stating that if the defendant's theory were true it was stating a question of fact for the jury as to whether there should be a recovery, and the defendant's theory, if true, precluded a recovery as a matter of law. It was not, error as a matter of fact, to tell the jury that if the defendant's theory was true, and there was no negligence on the part of the defendant, there could be no recovery, because this was a true statement.

While the trial judge might have been more clear and explicit in the statement complained of, yet, taking the charge as a whole, we are of the opinion that there is no reversible error; that the theory of the plaintiff and the theory of the defendant were both submitted to the jury, and the jury was not misled in the charge of the court, and his statement of the law governing the case, and his statement of the two theories was not misunderstood by the jury.

The ninth assignment of error challenges the action of the trial judge in telling the jury that they must consider plaintiff's remote contributory negligence, if he is guilty of any remote negligence in reduction or mitigation of damages. It is insisted that this is error because the court should have told the jury that if they found the plaintiff was guilty of remote contributory negligence they must mitigate the verdict. We think that this assignment is hypercritical. We are of opinion that the jury was not misled in the least in re-

gard to their duty if they found that the plaintiff was guilty of remote negligence, and this assignment is overruled.

The two special requests offered were in regard to the plaintiff's riding on the sidewalk. The special request, made the basis of assignment No. 11, is as follows: "In determining whether Richard Mallory was riding on the sidewalk at the time of the accident, you are entitled to take into consideration the allegation in his declaration that he was riding on the sidewalk."

It is insisted that plaintiff's two requests, which are, in substance, the same as is shown by assignments 10 and 11, that if the plaintiff had alleged that he was riding on the sidewalk, defendant had a right to have the court charge this. The allegation as to riding on the sidewalk had been eliminated, and the defendant was not entitled to have charged the special requests offered, and it was not error in the court declining both of them, and it was not proper to ask the court to charge the jury in the manner suggested by these special requests, and these assignments of error are overruled and disallowed.

The thirteenth assignment of error is based on an excerpt from the court's charge, which is as follows: "The court further charges you, gentlemen, that the driver of an automobile truck is chargeable, under the law, with the exercise of due care; that is, this ordinary and reasonable care which has just been defined and explained to you, to do so in such a way as not to injure others which may be using the streets with him."

This assignment of error complains of the court telling the jury what due care means. We find that the trial judge told the jury that the defendant is obligated with the duty of using ordinary and reasonable care not to injure others, and we think that this is sound and this assignment is overruled.

This disposes of all the assignments of error, except on the question of the amount of the verdicts.

The plaintiff received a fracture of the large bone between the knee and hip and a deep wound on the shin of the left leg. That he suffered excruciating pain, a number of witnesses testify as to the horrors of his suffering, until he was relieved by an anesthetic. His leg was set and he was put into a plaster cast extending from his armpits to his ankle. He remained in the hospital where his leg was set for nine or ten days. He was then removed to his home where he had to lie flat of his back for about six weeks. He was then taken back to the hospital where this plaster cast was sawed off. This was shown to be a painful operation. After this, he was compelled to use crutches for about three months. It was also shown in the trial that the plaintiff had spells of extreme weariness, and after the least exercise it was necessary for him to lie down for quite awhile. It appears that when this fracture began to

heal, the plaintiff had to be put through a "loosening" process by exercising the muscles of his leg. This lasted for about two weeks, and this was a very painful process.

We are of opinion that where the jury saw the plaintiff, heard him and his witnesses relate his pains and suffering, and describe his injuries, the doctor who set the leg testified, and numerous other witnesses, as to the pain and anguish, physical and mental suffering, $2400 is not excessive. This amount has been approved by the trial judge, and we see no reason why it should be disturbed.

Mrs. Mallory, the mother, had expended about $300 for doctors', hospital and nurses' bills. She also lost the services of this boy who was a paper carrier and had an earning capacity of $6 per week. Plaintiff failed to carry the papers for about seven months, or 28 weeks. This would be a loss of $168. The proof shows that Mrs. Mallory was a widow and she lived with plaintiff Richard and a younger daughter; that he (plaintiff) did many chores around the house, such as mowing the lawn, keeping up the fires, and was really the man about the house. We think that, under the proof, that his services lost in this manner was something like the services lost in carrying the papers, and that $132 for this loss would not be excessive. This would make the $600, which she recovered.

Mrs. Mallory also testified that she had to give her constant care and attention to the nursing of her boy while he was in the plaster cast, and for several weeks thereafter, so under all the facts as proven by the plaintiff's witnesses we are of opinion that this amount is not excessive for the expenditures made by Mrs. Mallory and the loss of her son's services during the seven months. It results that the second assignment of error is overruled.

This disposes of all the assignments of error. We find no error in the two judgments. This case was ably argued by both parties. The court has been supplied with splendid briefs, and every point in favor of the plaintiff and defendant have been brought out and made clear by the able manner in which the lawsuit has been prepared, argued and briefed. We are of the opinion that the defendant has had a fair trial. The two judgments of the lower court are in all things affirmed.

The plaintiffs will recover of the defendant the amount of the respective judgments rendered in the lower court, with interest thereon from the date of the rendition, and all of the costs of the cause, for which execution will issue. Execution will issue against the defendant and surety on the appeal bond for the costs of the appeal.

Heiskell and Clark, JJ., concur.