HERSHEE & HUBER v. HERSHEY *et al.*

1. DECREE BY CONSENT. That the report of a master in chancery was confirmed by the Court, the attorneys of the appellant being present and making no objection, is not a sufficient showing that the decree was entered by consent of parties.

2. MORTGAGE: MECHANIC'S LIEN. A mortgage which is senior to a mechanic's lien, takes precedence in the application of the funds arising from a sale in foreclosure.

*Appeal from Muscatine District Court.*

MONDAY, OCTOBER 12.

FORECLOSURE: The material facts are stated in the opinion of the Court.

*D. C. Cloud,* for the appellant, cited Rev. of 1860, § 1853; *Monroe et al.* v. *West et al.,* 12 Iowa, 119; *Hurley* v *Dubuque Gas Light and Coke Company,* 8 Id., 274; *Julien Gas Light Company* v. *Hurley,* 11 Id., 520; Story Eq. Jur., §§ 28, 32 and 439.

*Jacob Butler* for the appellee.

BALDWIN, Ch. J.—The complainants seek to foreclose a mortgage executed to them by Benj. Hershey and wife, and duly recorded, in the month of March, 1857. Subsequent lien holders were made parties to this foreclosure, and, among others, a corporation doing business under the name

of "Fairil Foundry." It appears that "Fairil Foundry" obtained a judgment and a mechanic's lien against the premises mortgaged to the complainant, but the lien thus created was about six months junior to that of complainants. "Fairil Foundry" answers the bill of complainant, and claims, that notwithstanding the fact that the mechanic's lien is junior in point of time to that of complainants, the material furnished for which the lien was obtained, was partly upon the premises when complainants' mortgage was executed, and that complainants had actual knowledge of this fact, and for this reason the lien of said company is asked to be declared to be paramount to that of complainants. Upon a final hearing in the District Court, the lien of complainants was declared prior in point of time to that of said "Fairil Foundry," and "Fairil Foundry" appeals.

Counsel for appellee claim that said corporation is estopped from the right to appeal, as the judgment and decree was rendered against it by agreement. This the record fails to show. It is true that it appears that the counsel of appellant was in Court when the master's report was filed and affirmed, and that he made no objections thereto, but it cannot be claimed from this that it was a decree by the agreement or consent of both parties. While it is true that the record fails to show that the judgment was rendered by consent, and that the said company are not estopped from appealing therefrom, yet there is not the first thing in the record to support the positions assumed by the counsel of appellant. If there was any evidence to show that the material for which the lien was established was upon the premises prior to the date of. complainant's mortgage, or that they had any actual or constructive notice of such lien, such evidence has not been transmitted to this Court.

Affirmed.