W. C. and ELIZA COOPER, Executors, v. PARK DISBROW, et al., Appellants.

**Judgment:** SETTING DEFAULT ASIDE. The district court may vacate a default judgment entered against certain creditors of a bank where on the face of the record the parties seeking to set aside the judgment were not in default at the time it was entered but

were entitled to judgment on an allegation in a cross petition brought by a creditor in behalf of herself and all the other creditors of the bank.

LACHES. The fact that certain creditors of an insolvent had neglected for years, while litigation concerning creditors' rights was pending, to actively participate therein, does not estop them from asserting rights which they had been deprived of by a judgment entered by default, when in fact they were not in default.

APPEAL: *Review.* In a proceeding for the appointment of a receiver for an insolvent bank, a cross petition by several stockholders was filed for the adjustment of all creditors' claims against the stockholders, making the bank and all the creditors parties thereto, and notice was given to all except three. An order was made therein, allowing cross petitioners to prosecute the petition as a separate suit, and ordering all the creditors to plead by a day certain. Judgment was entered against petitioners for the amount of stock held by them, and against certain creditors by reason of their alleged default, barring them from relief against petitioners. *Held,* that on appeal from an order setting aside the judgment against the defaulting creditors no specific order can be made as to the judgment against the stockholders.

JUDGMENT BY CONSENT. The fact that the record contains no evidence does not justify an assumption that the judgment therein was entered by consent, since Code, 1873, section 2361, allowing the entry of judgments by consent and providing that, if not entered in open court, the judgment agreed to shall be in writing, signed and filed by the clerk, contemplates that the agreement shall appear in the record.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

MONDAY, OCTOBER 24, 1898.

IN DECEMBER, 1893, Isaac Dickerson, as a stockholder, brought a suit in equity to wind up the affairs of the Cass County Bank, it being insolvent, and procured the appointment of a receiver,—Theodore G. Steinke. Thereafter suits were commenced against the bank and its stockholders by creditors of the bank. One ground of recovery against the stockholders was a provision in the articles of incorporation for double liability. The appellants in this case are Park Disbrow and some twenty-eight others, who were creditors of the bank,

and are defendants, and known in its proceedings as cross petitioners. In May, 1894, T. N. Heselgrave, in his own behalf and that of sixteen others, being creditors of the bank, commenced a suit by attachment against the bank and its stockholders, among which were W. C. and Eliza Cooper, as executors and trustees under the will of one John W. Russell, deceased. Throughout the case the Coopers are parties only in their representative capacity, and may be referred to by their own name. They were the owners of twelve thousand dollars of the stock of the bank, and were also creditors of the bank. Cornelia K. Winslow was the owner of six thousand dollars of the stock of the bank, a creditor, and a defendant in the attachment proceeding. The case of Dickerson against Cass County Bank is designated in the record as number 4069. In September, 1894, the Coopers filed their cross petition in the original case,—that of Dickerson against Cass County Bank, No. 4069,—making Dickerson, the Cass County Bank, and all the creditors of the bank—more than six hundred in all—parties thereto, and gave notice to all except three, they being Ernestine Cotton, Susan Osgood, and Michael McEniry. The cross petition asked, upon an averment of facts, relief as follows: "That all matters and claims of individual liability against the several stockholders to the various creditors of said Cass County Bank be fully adjusted, ascertained, settled and determined, and that all parties therein be compelled to set forth their respective claims against the stockholders of said Cass County Bank and said cross petitioners, and that the court grant full, complete, equitable relief in the premises." To that petition the appellants in this case, Disbrow and others, and Cornelia K. Winslow appeared, but none of the other creditors. On motion of the appellants, the cross petition was stricken from the files "so far as to strike therefrom all that part thereof in relation to the double liability of the stockholders of the said Cass County Bank, and in relation to the attachment of the private property of the stockholders, and the enjoining of suits against the stockholders on account of the misjoinder of actions." To the above is added the following

order: "Leave is, however, given the cross petitioners to docket said matter so stricken from their cross petition as a separate suit, and the clerk of said court is so ordered to docket said matters, and the cause, when docketed, shall be entitled in the name of these cross petitioners as plaintiffs, and against all the defendants named in said cross petition, and the said cross petitioners are hereby allowed to prosecute said cause as a separate action; and it is ordered that all defendants to said petition, served with notice, shall plead to the said cause when so docketed, on or before noon of the second day of the November term, 1894, of this court,—to all of which finding both of said parties at the time except." On the twenty-third of November, 1894, the Coopers caused to be docketed what is known as "Equity Case No. 4411," being, in substance, the cross action in case No. 4069, with W. C. and Eliza Cooper, executors and trustees, plaintiffs. This case—No. 4411—is the one now on appeal in this court, and will be the one hereafter referred to, unless otherwise expressed. To the petition in this case appellants and Cornelia K. Winslow answered, but none of the other creditors of the bank, notwithstanding the order of the court above set out, except C. R. Winslow, a creditor, who presented an answer and cross petition. Appellants filed answers to plaintiffs' petition, and each filed his cross petition against plaintiffs, and also against Cornelia K. Winslow and other stockholders, based substantially on the grounds set forth in their several actions at law then pending against plaintiffs and other stockholders; and their several actions at law were, by agreement of parties, and order of the court, transferred to the equity docket, and consolidated with this case. Cornelia K. Winslow also answered the petition in this case, admitting that she owned six thousand dollars of the stock of the bank, and alleging that in the summer of 1893 she signed notes with the Cass County Bank, on which she became liable, and which she has paid, and will be compelled to pay thirty thousand dollars; and she asks for a full accounting and adjustment of the claim. It is also to be said that plaintiffs were depositors in the Cass County Bank in the sum of some

sixteen or seventeen thousand dollars, which they ask to have considered in the adjustment. Denials were filed so as to put in issue all counterclaims or cross demands, and thereafter the court gave judgment for appellants, on their cross petitions, against Cornelia K. Winslow for six thousand dollars and denied to her any offset because of her claim against the bank. The court also gave to appellants, as cross petitioners, a judgment against plaintiffs, as representatives of the estate of John W. Russell, for twelve thousand dollars, and denied to the estate any relief on account of their claim as depositors. The court also entered the default of the defendants served, but not answering, and estopped them from making any claim as to matters involved in the issues presented by plaintiffs and cross petitioners. These judgments were entered May 21, 1896. On the second of June following, Theodore G. Steinke and some twenty-one others, including Cotton, Osgood, and McEniry—creditors not served—filed a motion to set aside the default and decree entered May 21, 1896. The motion makes it appear that the movers had never been served with notice in the proceedings in which the Coopers are plaintiffs; that they filed their claims under orders of the court, in the suit of Dickerson against Cass County Bank, and that in said suit an order was entered establishing their respective claims; that none of the movers were, by original notice or otherwise, notified of the kind of proceedings adopted in this case, by which they were adjudged not to be entitled to share with all other creditors of the bank in what might be adjudged to be due from stockholders on account of their statutory liability; that they believed that the filing and allowance of their claims was all that was necessary to entitle them to share in a distribution of money so received, and they did not believe such a decree would be entered. A motion to strike part of this motion was filed, and evidence taken, and upon the submission the court denied the motion to strike, and sustained the motion to set aside the default and decree. From this order Park Disbrow and twenty-one others appealed.—*Affirmed.*

*Willard & Willard* and *De Lano & Meredith* for appellants.

*H. S. Winslow, J. D. Critchfield, Phelps & Temple,* and *John W. Scott* for appellees, W. C. and Eliza Cooper and Cornelia K. Winslow.

*J. B. Rockafellow* for Theo. G. Steinke and others.

GRANGER, J.—I.  We may first notice the attitude of plaintiffs and Mrs. Cornelia K. Winslow on the appeal.  It will be remembered that, as to plaintiffs, there is a judgment against them in favor of the appellants for twelve thousand dollars, and as to Mrs. Winslow there is a judgment in favor of appellants for six thousand dollars.  These judgments are evidently based on the statutory liability of stockholders for an amount equal to the amount of stock held by them. From these judgments there is no appeal, and no question is made here as to their validity.  Their contention in this court is that the judgments so entered are the full measure of their liability to any and all creditors of the bank, and that, in no event, should there be such a change in the proceedings as to increase their liability over the amount of the judgments entered against them.  It is their express claim that they shall be so protected as that they shall not pay these judgments, and then be liable to other creditors of the bank for a like amount, so as to bear a double burden.  This appeal brings in question alone the validity of the order of the court in setting aside the default and decree so as to permit a new trial.  If we reverse the order, the effect will be to restore and perpetuate the judgments as they were entered.  If we affirm the order the effect will be to leave the case without judgment for the parties to proceed as advised.  As we view the record, we cannot make any specific order as to the plaintiffs and Mrs. Winslow, but can only affirm or reverse the order, as our conclusion may require, and leave it to the law, or to further procedure under it, to fix the rights of the parties.

II.   The articles of incorporation of the Cass County
Bank contain a provision for liability of stockholders much
to the same effect as our statute, since enacted, by which stock-
holders are made liable for an additional amount equal to the
stock owned by them.   The act creating this liability was
considered in the somewhat late case of *State v. Bank,* 103
Iowa, 549.   Our reference to that case is only to call attention
to the application to be made of the fund derived from stock-
holders by virtue of such a liability.   It is there said that the
fund is to be distributed equally among all the creditors of the
corporation in proportion to the amount due each.   Such is
the language of the statute creating the liability.   See section
2 of the act (Acts of the Eighteenth General Assembly chapter
208.).   We have called attention to this provision of the law
in view of some points urged in argument.   The judgments
entered by the district court gave to a part of the creditors of
the corporation eighteen thousand dollars of such a fund, and
in terms estopped the other creditors from making any claim,
in the following language:   "It is further ordered, adjudged,
and decreed by the court that the other defendants, being those
in default, having failed to appear and set up their claims, be,
and they are hereby, forever barred and estopped from setting
up and making any claim arising out of the matters set out in
plaintiffs' petition and set out in defendant's cross peti-
tion."   The order of the court in setting aside the
default and decree is, in so far as it is important, as
follows:   "And the said motions being duly submitted to the
court on this fourteenth day of July, 1896, the court over-
rules the said motion filed by the said Park Disbrow et al.,
to which ruling they at the time except; and the said default
heretofore entered against the other creditors of the Cass
County Bank, and the judgments rendered against the said
Coopers and the said C. K. Winslow are set aside, and held
for naught, upon the grounds that the creditors of the Cass
County Bank served with notice of the cross petition of W. C.
and Ann Eliza Cooper, executor and executrix, etc., were not
in default at the time the same were taken and entered, but

had an answer and cross petition on file in the third count of the answer and cross petition of C. R. Winslow, filed February 10, 1896, made for and on behalf of all of the creditors of the Cass County Bank, and were entitled to have the issues as tendered on their behalf determined, and their rights preserved; and it is found that no original notice was served upon the defendants Michael McEniry, Ernestine Cotton, and Susan Osgood, and the same entry and judgment made as to them." It should be borne in mind that the decree was based on the default of these defendants and creditors. The answer and cross petition of C. R. Winslow entitled her to, and in fact gave her, equal rights in the judgment with the other appellants. In the third count of her cross petition she alleges that the action is brought on behalf of herself and all the other creditors, depositors of the Cass County Bank, and the count is based on the double liability of the stockholders under the law. The averments of that part of the cross petition entitled the other creditors in whose behalf she pleaded to the same measure of relief she was entitled to, unless it should be denied them because of a difference in facts when the proofs were submitted. It is said the judgments, as entered, were by consent. This can mean only that appellants and plaintiffs so consented. There is no pretense of a consent by those moving to set aside the decree. The record, however, does not show a judgment by consent. In so far as it shows how the issues were submitted, it was upon evidence taken. The record shows that a trial was had upon the claims made against plaintiffs and C. K. Winslow and "such evidence as was offered by the parties." The record, however contains no evidence. If we may assume that there was no evidence, still it does not follow, as a legal conclusion, that the judgments were by consent. This fact is important, because appellants, in argument, place great stress upon it, and claim for the judgments, because by consent, peculiar legal attributes, in that they may not be as readily disturbed or set aside as other judgments. In fact, it is urged that they are practically invulnerable to an attack

like the one in this case. To make a judgment by consent or agreement, we think the fact must appear of record. Our law provides for a judgment by agreement, and that it may be entered at any time, and, if not done in open court, the judgment agreed to shall be in writing, signed and filed with the clerk, who shall enter the same accordingly. Code 1873, section 2861. The law evidently contemplates that, to constitute a judgment by agreement, the fact that it is such a judgment shall appear in the proceedings. In *Hershee v. Hershey,* 15 Iowa, 185, it is not held that it must so appear, but the court refused to consider a judgment (one by argument) because the record failed to show the fact. That it is competent for the court to vacate and set aside its judgments is conceded. See *Taylor v. Lusk,* 9 Iowa, 444; *Boals v. Shules,* 29 Iowa, 507. It is said that the right of the court to set aside a judgment is not an arbitrary one, but is a discretionary one, controlled by fixed legal principles. The proposition is, no doubt, a correct one. We can hardly conceive of a stronger reason for setting aside a judgment than that it has been erroneously entered to the prejudice of parties. By the judgments in this case the parties asking their vacation were adjudged in default when they were not. As a result of such a judgment, they were denied a recovery which, assuming a statutory liability of plaintiffs and C. K. Winslow, they were absolutely entitled to, and what belonged to them is given to appellants. If the judgments are to stand, the result is a forfeiture, by these movers, of what belonged to them, and the appellants are to take it because of what is charged as neglect, during this proceeding, to protect their rights. Of course, rights are thus lost and gained, but such results can only be justified under the plain requirements of the law. It is urged that these parties had neglected for years, while the litigation was going on, to come in, and take part in securing the rights of the creditors, while appellants had been active in the prosecution of suits. This is likely true, but it does not reach the merits of the question before us. One of these appellants had thought it advisable to bring them in, and prosecute for them;

and being thus in the case, and on the face of the record, entitled to judgment for just what the appellants were, and being erroneously adjudged in default, and, as a consequence, denied a recovery, and when the court below has discovered this, and set aside the default and decree, to correct the error, ought its ruling to be disturbed? We do not regard what occurred during the years of litigation as controlling. What we do regard as controlling is that on the twenty-first day of May, 1896, when the judgments were entered, on the face of the record, these parties, seeking to set aside the judgments, were not in default, and, with the exception of the three not in court, were entitled to judgment. It is said in argument that the decrees were prepared and agreed to by the plaintiffs and appellants, and signed by the court. If so, the appellants, barring C. K. Winslow, secured judgments unwarranted by the record, because of which result the court set them aside. The error was not the result of *laches* or neglect. It was not because, as the case stood, the parties were not entitled to relief, but because the court signed an erroneous decree, both as to the facts and the law, as the case was presented. Nothing more need be said than that none of the considerations urged ought to disturb the order of the court in setting aside the decrees. AFFIRMED.