NASHVILLE RAILWAY & LIGHT CO. *v.* DUNGEY.

(*Nashville.*   December Term, 1913.*)

**1. TRIAL.   Instructons.   Burden of proof.**
In a personal injury action, where the court charged that the
  burden of proof was on plaintiff by reason of defendant's plea
  of not guilty, the giving of another charge, setting out the
  contentions of both parties as to the nature of the accident
  and stating that, if defendant's version was true, verdict should
  be for it, places the burden of proving the truth of his theory
  on defendant.  .(*Post, pp.* 589, 590, 591.)

**2. TRIAL.   Instructions.   Burden of proof.**
In a personal injury action, a charge, which set out the con-
  tentions of both of the parties and stated that if defendant's
  version was true, verdict should be for it, is improper because
  imposing on defendant the burden of proving its defense beyond
  reasonable doubt.   (*Post, pp.* 592, 593.)
Case cited and distinguished:   McBee v. Bowman, 89 Tenn., 136.

**3. APPEAL AND ERROR.   Review.   Harmless error.**
Notwithstanding the provisions of Acts 1911, ch. 32, providing
  that no judgment shall be set aside for any error not affecting
  the result of the trial, the giving of an instruction, in a personal
  injury action against a street railway company, outlining de-
  fendant's theory of the accident and charging the jury that if
  they should find it to be true to find for defendant, is so
  prejudicial as to necessitate a reversal, particularly where other
  instructions authorized a finding for plaintiff on a slight pre-
  ponderance of evidence and the statute declaring defendant's
  liability for its negligence was read to the jury, without quali-
  fication.   (*Post, pp.* 595, 596.)
Acts cited and construed:   Acts 1911, ch. 32.
Code cited and construed:   Shan. Code, sec. 2406.

*Received for Publication February 25, 1914.

Railway & Light Co. v. Dungey.

Cases cited and approved:   Chapman v. McAdams, 69 Tenn., 500;
   McBee v. Bowman, supra; Gage v. Railroad Co., 88 Tenn., 726;
   Wilcox v. Hines, 100 Tenn., 524; Knights of Pythias v. Steele,
   107 Tenn., 1.

FROM DAVIDSON.

Appeal from Circuit Court of Davidson County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court. —THOMAS E. MATHEWS, Judge.

J. M. ANDERSON, for plaintiff.

LAURENT BROWN, for defendant.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

This was an action based on personal injuries and damage to plaintiff's ice wagon, and was brought in the circuit court of Davidson county against the Nashville Railway & Light Company. Plaintiff had judgment in the circuit court in the sum of $1,000, which was affirmed by the court of civil appeals, and the case is here on defendant's petition for *certiorari*.

There are three assignments of error, the last of which only will be considered.

The personal injuries complained of resulted from a collision between one of the cars of the defendant company and an ice wagon, owned and driven at the

time of the collision by the plaintiff. The declaration as on the facts of the case, and consisted of one count. The plea of defendant was not guilty.

The case turned upon a sharp conflict of fact in the circuit court; plaintiff's theory being that the car ran against the left-hand rear wheel of plaintiff's ice wagon, and defendant's theory being, as disclosed by its evidence, that the ice wagon was backed against the side of the car when two-thirds of the body of the car had passed the wagon in safety, and while the motorman was in the exercise of ordinary care.

The third assignment of error is based upon the following quotation from the charge of the court: "If the preponderance of all the evidence shows to you that this is the truth of the case, then your verdict will be in favor of the defendant."

This portion of the charge immediately followed, and was in fact the conclusion of, that part of the charge in which the court was undertaking to give the jury the defendant's theory of the facts surrounding the collision. This paragraph, which is No. 7 of the charge, begins as follows: "But the Nashville Railway & Light Company says that plaintiff's version of the accident is not true, and it contends that these are substantially the facts of the case, namely." Then follows the court's statement of the facts, which was what he told the jury as the defendant's contention.

The criticism made of the court's charge above quoted is that by it the court, in substance, said to the jury: I have stated to you what the defendant says

is the truth about this occurrence. If the preponderance of all the evidence shows to you that this is the truth of the case, then your verdict must be in favor of the defendant company.

We think the jury could have done no less than understand the quotation from the charge above set out as that quotation is just above construed; and, if the jury did so understand it, then, beyond question, the court by that portion of the charge placed upon defendant, in respect to his theory of how the collision occurred, the burden of showing the jury the truth of his theory; and, in so charging the jury, we think the learned trial judge went beyond the law. It does not answer the above criticism to say that the court in an earlier part of the charge, in explaining the pleadings, said to the jury: "The plea is not guilty. This plea admits nothing, but denies everything, and puts the burden of proof on the plaintiff; and plaintiff must prove by a preponderance of all the evidence his case substantially as he has alleged it."

In the last above quotation from the charge, the court was explaining in general terms the pleadings and the *quantum* of proof plaintiff must make in order to recover; and, assuming that the jury understood the last above quoted portion of the charge to mean that the burden of proof was on the plaintiff throughout the trial, the question which arises is, How was the jury to reconcile the two portions of the charge, in the first of which, as we have seen, they were told, in substance, that the burden of proof was on the plain-

tiff, and in the second of which they were told that the burden of proof was on the defendant? It seems to us that these conflicting portions of the charge must have left the jury in uncertainty and doubt. It is of course clear that, under its plea of not guilty, there was no burden on the defendant to show by a preponderance of the evidence the truth of its theory as to how the collision occurred. As the pleadings stood, defendant's plea of not guilty put every material averment of the declaration at issue, and placed on plaintiff the burden of the evidence; and the law placed on the trial court the duty of making it clear to the jury by its charge, without contradiction or conflict, that such burden was on the plaintiff throughout the trial, and that if, on consideration of all the evidence in the case, it failed to preponderate in favor of plaintiff, or if it was in equipoise, or if it preponderated in favor of defendant, then in any of these three events, under the law, defendant was entitled to the verdict of the jury under its plea of not guilty.

Passing now to another criticism of that portion of the charge first above quoted herein, we observe that, in the case of *McBee* v. *Bowman,* 89 Tenn. (5 Pickle), 136, 14 S. W., 483, where the court, upon the trial of an issue *devisavit vel non,* was charging the jury with respect to the *quantum* of evidence necessary to prove forgery of the will in question, and in so doing charged that the fact of forgery in a civil suit could be established "like any other issue of fact in a civil case, and that is by a preponderance of the testimony;" and,

after explaining what was meant by such preponderance, the court added these words: "A jury, before passing upon an act considered as a forgery, should do so with the full knowledge of the nature of the crime imputed and with all the facts surrounding it. It should appear with reasonable certainty that such is the case."

This court in that case held the last above-quoted part of the charge to be erroneous on the ground that it was tantamount to telling the jury that they must be convinced of the fact of forgery beyond a reasonable doubt. Upon the authority of that case, we think the same construction may be placed on that portion of the charge in the present case where the court told the jury, "If the preponderance of all the evidence shows to you that this is the truth of the case, then your verdict must be in favor of the defendant." To be sure, if the preponderance of all the evidence was such as to show or demonstrate to the jury that the truth of the case was as the court had stated to the jury that the defendant had said it was, then the jury could not have a reasonable doubt. No reasonable doubt could exist in such state of the proof, because the jury could see the truth of the case as it was shown to them by so great a preponderance of all the evidence.

We think the portion of the charge first and last above quoted is open to the criticism: First, that it was in conflict with the former portion of the charge in respect of the burden of proof; second, that it placed the burden of proof upon defendant as to his theory

of how the collision occurred, although his plea of not
guilty was a negative and not an affirmative plea;
third, that the charge, in substance, told the jury that,
in order to find a verdict for defendant the evidence
must so preponderate in its favor as to exclude a rea-
sonable doubt of the truth of its theory as disclosed
by the proof.

The violation of defendant's constitutional right
to a fair and impartial trial, resulting from the fore-
going error in the charge of the court, is emphasized
by a comparison of that portion of the charge criti-
cised, wherein the court charged the jury with respect
to the *quantum* of proof required in order to find a
verdict for defendant with another portion of the
charge in which the jury was charged with respect to
the *quantum* of the proof necessary to find a verdict in
favor of the plaintiff, and where the court said as fol-
lows:

"The plaintiff is not bound to prove his case, nor
any part of it, beyond a reasonable doubt; on the con-
trary, if when you have considered all of the evidence
you shall find its greater weight is even slightly on
the side of plaintiff's case, as alleged in his declara-
tion, then he is entitled to your verdict; otherwise he is
not."

So we see in this portion of the charge the court tells
the jury that even a slight preponderance of all the
evidence on plaintiff's side would suffice to entitle him
to the verdict, and that in the absence of such prepon-

derance, plaintiff was not so entitled. But the charge fails to tell the jury at this point, or anywhere else, that if all the evidence as to its weight and credibility is in equipoise, or preponderates in favor of defendant, that the verdict of the jury should be for defendant. The possible event of a verdict for defendant is nowhere considered in the charge, except in that portion which is made the basis for the third assignment of error, and that portion of it where the court was instructing the jury in respect of the form of the verdict in the event they should find for defendant.

No complaint is made in any assignment of error in this case in respect of that portion of the charge of the court in which he told the jury, in substance, that a slight preponderance "on the side of plaintiff's case" would be sufficient to entitle plaintiff to the verdict. A charge, in substance the same, was approved by the majority of this court in *Chapman* v. *McAdams,* 1 Lea (69 Tenn.), 500. Judge McFarland, however, in a very vigorous dissenting opinion pointed out the dangers of the argument in favor of the correctness of such a charge.

Among the reasons given by him, we note especially the following, which are, in substance, that, if a slight preponderance of the evidence in favor of the party in a civil suit upon whom the onus or burden of the evidence rests be held sufficient to turn the scale and entitle him to the verdict then why not further modify the preponderance requisite by saying a "very slight preponderance—a feather's weight"—would suffice?

The evidence, as he says, might not be in absolute equipoise, but yet so nearly in that state that the jury could not, with any degree of satisfaction, affirm that the fact was the one way or the other.  And he said the charge, "slight or very slight," in modification of the required preponderance, was beyond any rule that he had found laid down, and calculated to mislead the jury.

The sound and safe rule, and the one sanctioned by the weight of authority is, as we think, in favor of his view.  *McBee* v. *Bowman,* supra; *Gage* v. *Railroad Co.,* 88 Tenn. (4 Pickle), 726, 14 S. W., 73; *Wilcox* v. *Hines,* 100 Tenn. (16 Pickle), 524, 45 S. W., 781, 66 Am. St. Rep., 761; *Knights of Pythias* v. *Steele,* 107 Tenn. (23 Pickle), 1, 63 S. W., 1126.

In the opening of the charge of the court to the jury in this case, as the same appears in the transcript, the court said: "Gentlemen of the jury, Shannon's Code, section 2406 reads as follows, to wit:   [Read it]" This we suppose means that, as a part of the charge to the jury, the court read to them section 2406, of Shannon's Code as follows:   "The Street Railway Company shall be held responsible, under the laws of the State, for any accident which may result from any negligence on their part, or of their agents acting under their authority."

This section of the Code, appearing as it did in the opening paragraph of the charge of the court, and without an accompanying explanation that the defendant would not be liable in the present case if the jury

should find from a preponderance of all the evidence that the proximate cause of the injuries complained of was the concurrent negligence of the defendant and of the plaintiff, was calculated to mislead the jury into the conclusion that, if the defendant was guilty of any negligence, liability would follow without regard to concurrent negligence on the part of the plaintiff as the proximate cause of the injury.

It is unnecessary to discuss the first and second assignments of error in this case, since in our opinion it is clear that the positive error in the charge of the court complained of under the third assignment of error is sufficiently grave, even under the provisions of chapter 32, of the Acts of 1911, to entitle the defendant to have this case reversed, and a new trial awarded.

Therefore the judgments of the court of civil appeals and of the circuit court of Davidson county, are, respectively, reversed, and this case is remanded to the circuit court of Davidson county for a new trial.