GENEVIEVE ALBRIGHT, Appellee, v. STATE TAX COMMISSION OF IOWA, Appellant.

No. 46302.

NOVEMBER 16, 1943.

John M. Rankin, Attorney General, Jens Grothe, Special Assistant Attorney General, for appellant.

A. C. Hatt and Crary & Crary, all of Sioux City, for appellee.

MANTZ, J.—This action involves validity of the imposition by the State of Iowa of a collateral inheritance tax of $375 upon certain real estate belonging to the estate of O. A. Hemphill, of Sioux City, Iowa. The trial court, by judgment and decree following hearing, held that the property was not liable for such

tax, ordered its cancellation and the refund thereof. The defendant has appealed.

There is little conflict in the facts leading up to the institution of this action.

O. A. Hemphill, a resident of Woodbury County, Iowa, was found insane on January 4, 1941, and was committed to the state hospital at Cherokee, Iowa, where he remained until his death on October 8, 1941. His wife had been an inmate of that institution for a number of years. As soon as he was adjudged insane a guardianship was opened for his estate and this was pending at the time of his death. Shortly following the opening of the guardianship, Genevieve Albright, sometimes spoken of as Jennie Albright, filed a claim in said guardianship in the amount of $7,700, claiming that said sum was owing her by O. A. Hemphill for housekeeping services rendered by her in his behalf beginning October 15, 1936, and ending January 4, 1941. Said claim was not disposed of when O. A. Hemphill died.

Following the death of O. A. Hemphill an estate was opened and V. O. DeWitt was appointed administrator with the will annexed. On January 8, 1942, Genevieve Albright filed in the estate a claim for services similar to the one filed by her in the guardianship and on the same date served notice on the administrator of said claim and the hearing thereof. On July 6, 1942, a hearing was had in said estate in which all interested parties appeared and various matters were taken up in connection with the settlement of the estate, including the claim of $7,700. At that time there was a settlement of the claim of Genevieve Albright wherein she agreed to accept as part payment the property of the estate devised to her in the Hemphill will and a further sum of $250, same to be a full and complete settlement of said claim. Said settlement and compromise was agreed to by all the interested parties, and the court, by judgment and decree, approved and confirmed the same and thereupon quieted title to the property devised in paragraph 2 of the will in Genevieve Albright.

The will of O. A. Hemphill was executed on July 30, 1940. Paragraph 1 of said will provides for the payment of the debts and expenses of the last sickness and burial. Paragraph 2 reads as follows:

"Subject to the foregoing, I give, devise and bequeath unto Jennie Albright of Sioux City, Woodbury County, Iowa, the house known as 3077 Rebecca Street, including the lot upon which said house is located, and the lot adjoining thereto, being Lots 49 and 50, Pleasant View Addition to Sioux City, Woodbury County, Iowa, and in addition thereto I give, devise and bequeath unto the said Jennie Albright my one-half interest in the property known as 1621 West Sixteenth Street, Sioux City, Iowa. It is my intention to convey to her my one-half interest in said property, she already owning a one-half interest in and to said property.

"I make these bequests to Jennie Albright because of the kindness she has shown me through the number of years she has been a faithful employee of mine, and for the balance due her for services rendered me. She has heretofore been paid a part of her salary but has never been paid in full at any time she has been in my employment."

The appellant relies upon two grounds for reversal of the finding of the lower court. The first proposition is that the lower court was in error in holding that it had jurisdiction of the parties and the subject matter of the action. Appellant claims that the action should have been brought in Polk County, Iowa, but admits that there was no motion made for a change of venue and states frankly in its brief and argument "that inasmuch as a motion for change of venue was not filed, it is probable that our contentions set out above are not tenable."

The action was in equity and asks for equitable relief, demanding no personal judgment. Under section 7396 of the Code the court had jurisdiction. The venue was not challenged below and cannot be challenged here for the first time.

The second proposition relied upon by appellant is as follows: Inasmuch as property on which the alleged wrongful tax was imposed passed to Genevieve Albright by will, the court's judgment decreeing otherwise was clearly erroneous. This is the controlling question in the case.

Section 7307, Code of 1939, so far as material to the issues in this case, provides:

"The tax hereby imposed shall be collected upon the net

market value and shall go into the general fund of the state to be determined as herein provided, of any property passing:

"1. By will or under the statutes of inheritance of this or any other state or country."

Did the property described in paragraph 2 of the will of O. A. Hemphill pass to appellee by virtue of the will as claimed by appellant, or did appellee receive it otherwise than by said will? Appellee claims that she received such property as a part settlement of a claim which she then held against the estate. That appellee had a valid claim against the estate of O. A. Hemphill for services rendered said Hemphill from October 15, 1936, to January 4, 1941—a period of four years, two months, and twenty days—is not questioned; that such services were well and faithfully performed and were valuable and were necessary and had never been fully compensated is not open to question. The testator, speaking through his will, attests to that fact. The claim was first filed in the guardianship and, being undisposed of at the death of O. A. Hemphill, was filed in the estate shortly following its opening. Following the death of O. A. Hemphill various proceedings were instituted in the estate, most of them being adversary. It seems as though there had been a will contest; then there was instituted a proceeding for the setting aside to the widow of her distributive share; referees were appointed for that purpose; they made a report and objections were filed thereto and also a plea of abatement by another interested party. Then there was the claim which appellee was making. All of these matters were tried in one proceeding by the court following several postponements, and on July 6, 1942, the court entered a judgment and decree disposing of matters submitted. The different matters disposed of in such judgment and decree were disposed of by various parts of the decree. Paragraph 8 of said judgment and decree dealt with the claim of appellee. On September 17, 1942, the court entered a nunc pro tunc order dealing with paragraph 8 of the judgment and decree, which paragraph had to do with the rights of Genevieve Albright in regard to her claim and the property.

Said nunc pro tunc order is as follows:

"Be It Remembered, that on this 17th day of September,

1942, the attention of the Court having been called to an evident omission in a certain judgment and decree of this Court in this same proceeding, which was signed by the Court on the 6th day of July, 1942, at nine o'clock A. M., and now appearing in Probate Record Number 96, beginning on Page 251 thereof, the said judgment and decree is hereby corrected by amendment to show the agreement of the parties entered into in open Court and the finding of the Court, by changing paragraph 8 of said judgment and decree and causing said paragraph to read as follows:

"That independent of the foregoing judgment and decree and as a further judgment and decree in this cause,-which is no part of the foregoing judgment and decree, the Court, upon the record made in said cause, upon the issues made by the parties herein, upon the agreements of all the parties entered into in open Court, the said agreement being that WHEREAS, Jennie Albright, also known as Genevieve Albright, had filed a claim in said estate in the sum of Seven Thousand Seven Hundred Dollars ($7,700.00) for services rendered by her to the decedent during his lifetime, and WHEREAS, the said Jennie Albright, also known as Genevieve Albright, has now agreed to settle her said claim as Seven Thousand Seven Hundred Dollars ($7,700.00) by accepting the properties devised to her in said last will and testament of said O. A. Hemphill, Deceased, and by the payment to her of the further sum of Two Hundred Fifty Dollars ($250.00), in cash, the said properties so devised to her and the said Two Hundred Fifty Dollars ($250.00) cash payment to be made to her to be in full settlement of her said claim of Seven Thousand Seven Hundred Dollars ($7,700.00) filed in this estate, the Court further finding herein, from the evidence, that the bequest in said last will and testament was intended by the testator to apply on the indebtedness due by him to the said Jennie Albright, also known as Genevieve Albright, and, upon the examination of the will of the decedent, finds that Jennie Albright, named in said will, and also known as Genevieve Albright, is entitled to Lots Forty-nine (49) and Fifty (50) in Pleasant View Addition to Sioux City, Woodbury County, Iowa, and in addition thereto an undivided one-half interest in Lot Fourteen (14) in Block Eight (8) in Smith's Walnut Hill Villa Addition to Sioux City, Woodbury County, Iowa.

"Therefore, It Is Adjudged And Decreed that said settlement agreement between the said parties and the said Jennie Albright, she being the same person as Genevieve Albright, be and the same is hereby approved and confirmed, and It Is Further Adjudged And Decreed that the provision of the said last will and testament of O. A. Hemphill, Deceased, devising to the said Jennie Albright the above and foregoing property, is hereby confirmed, and the said real estate is hereby set off to the said Jennie Albright, she being the same person as Genevieve Albright, as her sole and only property, and the title of the said Jennie Albright in and to the said real estate is hereby quieted in her in fee simple against all persons whomsoever."

A study of paragraph 8, above quoted, shows that the lower court made disposition of the claim which Jennie Albright filed against the estate of O. A. Hemphill. The will of O. A. Hemphill devised to Jennie Albright certain property for the balance due her for services rendered. She had a right to reject the legacy or to elect to accept it. She did neither by express terms. She and other interested parties made a settlement under the terms of which she received property and cash in payment of her claim. The property which she received was that designated in paragraph 2 of the will and in addition she was given $250 in cash. According to the appraisal the property described in paragraph 2 of the will was worth $3,750, and adding to this the cash to be paid shows that her claim of $7,700 was settled for $4,000. There is nothing in the record to show that Genevieve Albright at any time took any action inconsistent with recovering under her claim. The stipulation which was entered into by the parties and later confirmed by the court shows that she agreed to accept the property described in paragraph 2 of the will and the sum of $250 in full settlement of her claim.

It could hardly be said that an agreement on the part of the appellee to settle her claim for a lesser amount than she had originally asked would constitute an election to accept the property devised under the terms of the will. Certainly, she would have the right to settle and compromise rather than take the hazards and risks involved in litigation. If all parties interested agreed to a compromise settlement of the claim which

appellee made they acted within their rights. Settlements are favored by the law. 15 C. J. S. 728, 730, section 11; 11 Am. Jur. 248, section 3; Partello v. White, 197 Iowa 24, 196 N. W. 719.

Appellant in argument makes the statement:

"Genevieve Albright, notwithstanding the fact that she had filed a claim in the sum of $7,700 against the Hemphill estate, elected in open court to abandon her claim and take under the Will."

We do not think this fairly reflects the record made at that time. While the decree of the court contains statements to the effect that the bequest to appellee was intended by the testator to apply on the indebtedness due from him to appellee, that such provision of the will was approved and confirmed and the title to the property set off to the appellee was quieted in her in fee simple, yet, the record clearly shows that the basis for the holding was the agreement of the parties entered into in open court, among which was the one that "Jennie Albright * * * has now agreed to settle her said claim as * * * $7,700 by accepting the properties devised to her in said last will and testament of said O. A. Hemphill, Deceased, and by the payment to her of the further sum of * * * $250 in cash." Clearly, this shows that all other interested parties agreed to such a settlement. It must be remembered that the particular action on the part of appellee was to enforce her claim; it was not to construe the will. There was nothing in the language of that instrument calling for a construction.

Another matter which we deem important in the consideration of this case is that the decree of the court was entered following the appearance of all interested parties. That part of the judgment and decree is in part as follows:

"* * * the Court ordered that the said cause proceed to final determination and decision, after which evidence was introduced, arguments made by counsel, and trial had, and the cause was finally submitted to the Court for final determination and decision; and the Court, after inspecting the said notices and services thereon and the pleadings aforesaid and the previous orders of this Court and the records in said probate proceeding

and the report of the said Referees, and after considering the evidence and arguments, and all matters submitted and being fully advised in the premises, finds * * *."

This record shows that it was the court entering a judgment and decree following a regular trial on the issues, and one of the issues was the claim of appellee. While the parties agreed as to the various matters then in controversy, yet, it was the court, following a hearing in which evidence was introduced, that made the decision. While appellee agreed to settle her claim in terms of the property set forth in paragraph 2 of the will and a further payment of $250 in cash, yet, it was the court, acting within its jurisdiction, that set out the property to be received by appellee in settlement of her claim. This finding of the court constitutes an adjudication of the rights of all of the parties involved. Delbridge v. Sears, 179 Iowa 526, 160 N. W. 218; Smith v. Cretors, 181 Iowa 189, 164 N. W. 338; Cooper v. Disbrow, 106 Iowa 550, 76 N. W. 1013.

Appellant argues that by accepting the property devised to her in paragraph 2 of the will appellee elected to take under the will, thereby rendering the property liable for the tax imposed. This argument ignores the fact that in value she received more than the property devised in that $250 in addition was paid to her. The value of all she received was but slightly in excess of fifty per cent of her claim.

Our holding herein affirming the lower court is based upon two propositions:

(1) That the court acted within its jurisdiction in passing upon the matters submitted to it; and

(2) That the appellee did not agree to take under the terms of the will, but that her claim was settled and compromised by stipulation of all interested parties, made in open court during trial thereof, and approved and confirmed by the court, and wherein she received in settlement of her claim the property described in paragraph 2 of the will, and other estate property belonging to the estate, and that the property so received by her is not taxable as claimed by appellant.

Our holding as above set forth makes it unnecessary for

us to pass upon the other questions raised herein. The decree of the lower court was right and without error, and same is affirmed.—Affirmed.

HALE, WENNERSTRUM, OLIVER, SMITH, GARFIELD, BLISS, and MILLER, JJ., concur.

MULRONEY, C. J., takes no part.