ROY KELLEY, Plaintiff-in-Error, v. ZELMA F. BRAD-ING, Executrix, etc., Defendant-in-Error. —337 S. W. (2d) 471.

Eastern Section.   March 15, 1960.

Certiorari Denied by Supreme Court June 6, 1960.

224

Noone & Noone and Ray Moseley, Chattanooga, for plantiff-in-error.

Harry Berke, Chattanooga, for defendant-in-error.

McAMIS, P. J.   This is a will contest coming to this Court from the Circuit Court of Hamilton County on the appeal of one of the contestants, Roy Kelley, a nephew of the testatrix, Mrs. Julia L. Brazeal.   Oscar Brown, another nephew of Mrs. Brazeal, joined in the contest but

he has not appealed. The grounds of contest are weakness of mind and undue influence.

Mrs. Zelma Brading, executrix and principal beneficiary under the will, offered it for probate in the Probate Division of the Chancery Court of Hamilton County. Upon the contest being filed in that court the proceeding was certified to the Circuit Court of Hamilton County of which Court Mrs. Brading is the duly elected and acting clerk. On that ground, after certain preliminary proceedings, all of the Circuit Judges of Hamilton County recused themselves and the Honorable Richard P. Dews, a Retired Circuit Judge of Davidson County, was designated by the Chief Justice to preside at the trial. Because of Mrs. Brading's official connection with the Court which also requires her to perform certain duties in connection with the Jury Commission of Hamilton County, contestant Oscar Brown moved for a change of venue. Roy Kelley, plaintiff in error here, though represented by the same counsel, did not join in this motion. The motion was overruled.

This first assignment is that the Court erred in denying the motion for a change of venue. Other assignments are that the Court erred in denying a postponement of the hearing until a discovery deposition of Mrs. Brading could be taken by contestants; that the Court erred in allowing proponent to re-open the case, after argument before the jury had begun, for the purpose of introducing the third attesting witness and that contestant's motion for a directed verdict based on proponent's failure to introduce all of the attesting witnesses should have been sustained. Still other assignments go to the charge, failure to charge contestants' special requests and certain comments of the Court before the jury.

Unless saved by T. C. A. sec. 27-310, relied upon in the supporting brief, a question hereinafter considered, we think contestant Roy Kelley lost the right to object to the venue by not joining in the motion for a change of venue and by waiting until after an adverse verdict to raise the question.

■ Where the jurisdiction of the court over the subject matter is not involved, the right to a change of venue is a personal privilege which can be lost by failure to object at the proper time and in the proper forum. 56 Am. Jur. 51, Venue, Section 46; 92 C. J. S. Venue sec. 216, p. 987. It can not be claimed for the first time on appeal. Albright v. State Tax Commission, 233 Iowa 1303, 11 N. W. (2d) 578, 157 A. L. R. 959; 3 Am. Jur. 104, Appeal and Error, Section 369. And compare Parker v. Reddick, 196 Tenn. 472, 268 S. W. (2d) 357, 45 A. L. R. (2d) 1096.

■ Contestant Kelley may have considered his chances better in Hamilton County where he lives and is known than in some other county; or he may have wished to avoid the personal inconvenience of going to another county to attend the trial. For these or other reasons satisfactory to him he did not require his attorney to use his name in making the motion. He should not be permitted to gamble on a favorable verdict and, having lost, claim the benefit of his co-defendant's motion.

T. C. A. sec. 27-310, here relied upon as saving the right upon appeal to rely upon contestant Brown's motion for a change of venue, provides:

"Any one or more of the parties to a judgment or decree may pray and obtain an appeal therefrom, the

judgment remaining in full force against such of the parties as do not appeal.''

This statute has been held in a number of cases not to cut off the right of sureties to rely upon appeals perfected and prosecuted by their principals. Riley v. Shumate, 176 Tenn. 436, 143 S. W. (2d) 525, and cases there cited. In such cases, however, the obligation of the sureties is derivative and not independent. None of these cases holds that an appeal obviates the effect of a waiver simply because another party did not waive his rights. And, it need hardly be pointed out that contestant Kelley's right to appeal is not being challenged. The question is whether he can make a question on appeal which he did not see fit to make in the circuit court. We hold that he can not. In this view, it becomes unnecessary to consider whether denial of the motion for a change of venue amounted to an abuse of discretion or whether, if error, it was prejudicial.

It is next insisted that contestants were deprived of the right to take the discovery deposition of Mrs. Brading by the refusal of the trial court to postpone the hearing as authorized by Section 2, Chapter 54, Public Acts of 1959, providing:

''That failure to obey any subpoena or notice to testify as above provided shall subject the party or witness, upon whom such subpoena is served or notice given, to the penalties provided by existing law, and in addition thereto, the Court having jurisdiction of the suit, either upon written application of the party desiring to take deposition, or upon the Court's own motion, may stay the suit until the deposition is taken and filed or dismiss the suit altogether at the costs of the party in default.''

As we understand, the illness of Mrs. Brading prevented her attendance at the time set for the taking of her deposition, the main purpose of which was to elicit evidence of the circumstances preceding and surrounding the execution of the will and to secure the production of a previous will made by Mrs. Brazeal.

■ The statute provides that the court "may" stay the suit to permit the taking of discovery depositions. We construe this to mean that the court will have a sound judicial discretion, to be exercised in the light of all the circumstances including any inconvenience to the court, the parties and witnesses and the possible advantages to be derived by the party desiring to take such depositions. In reviewing the action of the court on appeal two questions are presented: Was there an abuse of discretion and, if so, was the action prejudicial to the appellant.

■ Since the case must be remanded for another trial for reasons hereinafter set forth, we need not decide whether there has been an abuse of discretion and, without knowing the contents of the prior will, it would be impossible to say whether the Court's action in not requiring its production prior to the trial was prejudicial. We can not agree, however, with the view of the learned trial judge that contestants, in asking that the prior will be produced, were "fishing". It is apparent to us that contestants were handicapped in preparing for the trial by being denied the right to see it.

The Executrix was acting in a fiduciary capacity with respect to both wills. We can see no reason why it should not have been made available to the persons named in it as beneficiaries and to the heirs at law of Mrs. Brazeal. It was competent for the purpose of showing the

motives and interest of proponent and, as pointed out in Section 111, Pritchard on Wills (Phillips) a change in dispositive intent may be admissible to aid the inquiry as to testator's capacity to make a will. We think its exclusion at the trial was erroneous.

Next to be considered is the action of the Court in permitting proponent to examine the third subscribing witness after argument of counsel had begun. Although contestants' motion for a directed verdict was argued orally no insistence was made that proponent had failed to prove the due execution of the will by introducing all of the living attesting witnesses as required by T. C. A. sec. 32-406.

If it is true as contestants insist that the failure to produce the third witness would be fatal, the refusal of the court to allow proponent to re-open the case would have prevented a trial on the merits. The law wisely leaves such technical procedural matters to the sound discretion of the trial court. In this state the trial court, in the exercise of its discretion, may permit the introduction of evidence after a motion for a directed verdict has been made, Boone v. Citizens' Bank & Trust Co., 154 Tenn. 241, 290 S. W. 39, 50 A. L. R. 1369; Bellisomi v. Kenny, 185 Tenn. 551, 206 S. W. (2d) 787; Petway v. Hoover, 12 Tenn. App. 618, even after the motion has been overruled and argument has begun. Watterson v. Watterson, 38 Tenn. 1, 7.

We find no abuse of discretion in this case.

The sixth assignment complains that the Court in the charge commented upon the evidence "relating to the visual condition of the testatrix". In support of this assignment we are cited to page 792 of the record where

the court said, apparently, in explanation of having struck the word "blind" from a special request tendered by contestants: "I just marked out 'blind' there * * *. I don't think that's really strong." In view of the fact that there was no insistence in the special pleas of contestants that Mrs. Brazeal was blind but only that "she could not read and could barely perceive light", we can not say that there was any prejudicial error in this, even if we assume the jury took this statement as a part of the charge which, to us, seems doubtful.

■ This brings us to the final question of the refusal of the court to charge the following special request of contestants:

"I instruct you ladies and gentlemen of the jury that if you find that Zelma F. Brading was in a confidential relationship with the deceased and is a beneficiary under the purported will, and caused said will to be drafted and executed, then under these circumstances the law presumes that Zelma F. Brading exercised undue influence upon the deceased and the law casts the burden of proof upon Selma F. Brading to show by the greater weight and preponderance of the evidence that she in fact did not exercise undue influence upon the deceased."

This is a correct statement of the law. Pritchard on Wills (Phillips), Sec. 133.

■ It was shown and admitted throughout the trial that the proponent for many years had handled the business affairs of Mrs. Brazeal including the drafting and execution of the will and that she stood in a fiduciary relationship to her. This was one of the theories of contestants and one of the principal issues in the case. It was vital to the case for contestants not only because

of its effect upon the burden of proof but for consideration by the jury in connection with the proof offered by them that Mrs. Brazeal was senile, almost blind, weak and infirm in both mind and body and incapable of executing a will. All of these issues were sharply drawn with a great volume of proof both for and against the will. It was not mentioned, however, in the general charge which specifically placed the burden of proving undue influence upon contestants.

Clearly, we think, the special request should have been given. Was it reversible error to refuse it?

In McClard v. Reid, 190 Tenn. 337, 345, 229 S. W. (2d) 505, 508, it was said:

"We have carefully examined the two special requests offered on this theory (sudden emergency) by the defendant. Both of the requests embody a correct statement of law, pertinent to the issues made by the pleadings, and presented a theory of the case, supported by some evidence, which was not embraced or included in the charge of the court to the jury, and which was a vital part of the defense. This being true, the defendant was entitled to have this theory and the law applicable submitted to the jury, and a refusal was prejudicial error. 53 Am. Jur., Sections 549, 581-583, 651; Kendrick v. Cisco, 81 Tenn. 247, 251; Nashville, C. & St. L. R. Co. v. Egerton, 98 Tenn. 541, 544, 41 S. W. 1035; Memphis Street Ry. Co. v. Newman, 108 Tenn. 666, 669, 69 S. W. 269."

██ Where the issues are sharply drawn and the evidence close on the issues to be determined by the jury, a charge of the court placing the burden of proof on the wrong party may be ground for reversal. Nashville Railway & Light Co. v. Dungey, 128 Tenn. 587, 163 S. W.

802; Nashville Bridge Co. v. Hudgins, 23 Tenn. App. 677, 137 S. W. (2d) 327; Kingsul Theatres v. Quillen, 29 Tenn. App. 248, 196 S. W. (2d) 316.

In this case, with deference to the able trial judge, we can not escape the conclusion that the refusal to charge the special request was erroneous and prejudicial and that the case must be remanded for a new trial. On the remand, contestants will be permitted upon proper application to take the discovery deposition of the Executrix to enable them to see the prior will before the next trial. Costs of appeal will be paid out of the estate. Costs of the trial court will abide the final result.

Hale and Howard, JJ., concur.