LACY FOSTER VANTREASE et al., Plaintiffs-in-Error, v. MRS. MARY VANTREASE CARL, Executrix, etc., et al., Defendants-in-Error.
—410 S.W.(2d) 629.

Middle Section. July 29, 1966.

Certiorari Denied by Supreme Court, November 7, 1966.

Cecil Sims, J. Brad Reed, Nashville, for plaintiffs in error.

Miller Manier, W. Cornelius Breedlove, Nashville, for defendants in error.

SHRIVER, J. As is stated by counsel for plaintiffs-in-error, this suit involves a will contest in the Circuit Court of Davidson County where the jury found in favor of the will. This appeal involves, in substance, only one assignment of error, to wit, the failure and refusal of the Circuit Judge to give a certain request in accordance with the decision of this Court in Kelley v. Brading, 47 Tenn.App. 223, 337 S.W.2d 471.

The Last Will and Testament of Alley Herbert Vantrease, deceased, was probated in common form in the Probate Court of Davidson County, and a petition seeking to contest said Will was filed on August 19, 1964, whereupon, as required by statute, the cause was transferred

to the Circuit Court and was tried before Honorable John Uhlian, November 8-11, 1965 on the issue of devisavit vel non. It was insisted in the petition that the decedent was (a) mentally incompetent to make a will, and (b) that the document in question was not decedent's Last Will because of undue influence.

The cause was submitted to a jury which returned a verdict in favor of the Will and, after the motion for a new trial was overruled, the cause was appealed in error to this Court and assignments filed.

## ASSIGNMENT OF ERROR

The single assignment of error, together with counsel's statement of position regarding it, is as follows:

"The learned Circuit Judge erred in declining to charge the jury in accordance with the contestants request, which request was as follows:

'Defendant's Request No. ————————

'I instruct you gentlemen of the jury that if you find that either beneficiary under the Will of Herbert Vantrease was in a confidential relationship with the deceased and caused said will to be drafted and executed, then under these circumstances the law presumes that such beneficiary exercised undue influence upon the deceased and the law casts the burden of proof upon such beneficiary to show by the greater weight and preponderance of the evidence that such beneficiary did not exercise undue influence upon the deceased.' (Rec. p. 35).

This was erroneous because the proof conclusively showed that Mrs. Carl, one of the beneficiaries named in the purported Will, not only handled the business

affairs of the decedent but also stood in a fiduciary relationship to him for a number of years prior to the execution of the document, and prior to decedent's death. It is, therefore, earnestly insisted by Plaintiffs in Error that under the admitted testimony contained in the record, not only that given by Mrs. Carl, but corroborated by the disinterested witness, Mr. Minton (See testimony, 143, 150) and exhibits filed by him, the contestants were entitled to have the request granted and the jury charged as therein provided, and the failure and refusal of the Trial Judge to grant said request and to so charge the jury constituted reversible error for which this assignment should be sustained and the action of the jury and the Circuit Judge should be reversed and a new trial granted and this cause remanded to the Circuit Court of Davidson County for a new trial with instructions that the request should be granted and given to the jury in the subsequent trial of the issues concerning the validity of the document in question.''

Appellants rely on Kelley v. Brading, 47 Tenn.App. 223, (231); 337 S.W.2d 471, together with some authorities from other jurisdictions and on Phillips' Pritchard Law of Wills, Section 133, in support of their position. They say that because of the confidential relationship existing between the decedent and Mrs. Carl, Executrix of the Will and one of the two beneficiaries under it, it was error for the Trial Judge to refuse the Special Request which contained an instruction copied verbatim from Kelley v. Brading, supra.

That a confidential relationship existed between the deceased, Alley Herbert Vantrease and Mrs. Mary Vantrease Carl cannot be denied. Mrs. Carl was a niece of

Mr. Vantrease and was very close to him and his wife during the wife's lifetime. For sometime before Mr. Vantrease's death, Mrs. Carl prepared his income tax reports and looked after many business affairs for him and, when it became apparent to him from his doctor's report that he was seriously ill, he, at his own suggestion, gave Mrs. Carl a very broad power of attorney so as to enable her to pay his bills and otherwise look after his financial affairs. It was at his request that Mrs. Carl called the law firm of Manier, Crouch, White and Herod to make an engagement for him to discuss the preparation of his Will. She accompanied him to the Attorney's office and, in the absence of Mr. Miller Manier who had represented her previously, Mr. Vincent Fuqua of that firm, who was not acquainted with her, saw Mr. Vantrease and prepared his will.

The record is undisputed that these arrangements were made at the request of Mr. Vantrease and were not initiated by Mrs. Carl. It is further undisputed that Mrs. Carl did not suggest to Mr. Vantrease any of the terms of his Will, was not present in the office of Mr. Fuqua when the Will was being discussed and prepared, and did not know that she was a beneficiary under the Will until after it was prepared and executed. It is also undisputed that she did not suggest or have anything to do with the terms by which Mrs. Georgia Rippey was made a beneficiary under the Will.

Under the foregoing circumstances, we are persuaded to believe that the Trial Judge did not commit reversible error in refusing the Special Request which is the basis of the sole Assignment of Error before us.

In Kelley v. Brading, supra, an instruction in identical language to that contained in the Special Request here

involved was offered and refused by the Trial Judge. On appeal, this Court, speaking through Presiding Judge McAmis, stated that the instruction was a correct statement of the law, citing Phillips' Pritchard Law of Wills, Section 133. However, the Court went on to say that it was shown and admitted throughout the trial in Kelley v. Brading, that the proponent for many years had handled the business affairs of the testatrix *including the drafting and execution of the will* and that she stood in a fiduciary relationship to her. The Court also said that this was vital to the case of contestants not only because of its effect upon the burden of proof but for consideration by the jury in connection with the proof offered that the testatrix was senile, almost blind, weak and infirm in both mind and body and incapable of executing a will, and that all of these issues were properly drawn with a great volume of proof both for and against the Will.

In Kelley v. Brading, the Court also observed that where the issues are sharply drawn and the evidence close on the issues to be determined by the jury, a charge of the Court placing the burden of proof on the wrong party may be ground for reversal, citing Nashville Railway & Light Company v. Dungey, 128 Tenn. 587, 163 S.W. 802, and other cases.

We think the case at bar is distinguishable from Kelley v. Brading in several particulars and especially in view of the fact that a careful examination of all of the evidence produced at the trial fails to show any facts from which the exercise of undue influence on the part of Mrs. Carl or Mrs. Rippey in connection with the Will of Mr. Vantrease, can reasonably be found.

It is true that Mrs. Carl had suggested to Mr. Vantrease on several occasions when she was preparing

his income tax reports that he ought to make a Will but there is nothing in the record to indicate that she ever suggested to him what his Will should contain or what disposition of his property he should make. As hereinabove stated, the proof does not indicate that Mrs. Carl had anything whatever to do with the actual drafting and execution of the Will. And since there is nothing to support the proposition that Mrs. Carl or Mrs. Rippey "caused said Will to be drafted and executed" the language of the Special Request was not such as to conform to the proof, unless it could be logically argued that because Mrs. Carl drove the car in which Mr. Vantrease went to the lawyer's office, and called by phone to make the engagement for him, she "caused said Will to be drafted and executed." We do not believe under the facts of this case that such a conclusion is warranted.

It should also be observed that, in Phillips' Pritchard Law of Wills, Section 133, it is said:

"However, the existence of a confidential relationship between members of a family, as between a granddaughter and grandmother, does not raise the presumption that the beneficiary has exercised undue influence over the testator and cast upon her the burden of disproving undue influence." Solari v. Albertine, 29 Tenn.App. 61, 193 S.W.2d 111.

And in Section 139 of the same text it is said:

"The mere fact that the beneficiary under a will occupies a relation of confidence to the testator will not in all cases necessarily create a suspicion of undue influence in the execution of the will, or throw the burden of proof on such beneficiary to show that the will was the spontaneous act of the decedent. The rule does not apply where it appears that the opportunity for a

familiar and secret communication and intercourse between the testator and the beneficiary, at a time proximate to the execution of the will, is wanting; that the beneficiary took no advantage of his position or relation to influence the testator to his own interest beforehand, and did not participate either in the preparation or execution of the will.'' Citing several cases from other jurisdictions.

■ The foregoing proposition has been supported in several of our cases where it has been held that the mere existence of confidential relationships between the testator and beneficiary does not raise a presumption that the beneficiary has exercised undue influence over the testator and does not cast the burden on the beneficiary of disproving undue influence. See Solari v. Albertine (1945), 29 Tenn.App. 61, 193 S.W.2d 111; Cude v. Culberson (1947), 30 Tenn.App. 628, 209 S.W.2d 506; and Halle v. Summerfield (1955), 199 Tenn. 445, 287 S.W.2d 57.

■ Being convinced that the right result was reached in this case under all the proof and that there is not any evidence that would warrant the instruction requested so as to change the burden of proof, we overrule the assignment of error and affirm the judgment of the Trial Court.

Affirmed.

Humphreys and Puryear, JJ., concur.