R. M. Porter *et al. v.* A. W. Campbell *et al.*

ROBERT M. PORTER *et al. v.* ALEX. W. CAMPBELL
*et al.*

1. WILLS, HOLOGRAPHIC. *Insanity. Rule as to. Evidence.* Where a person is assumed to have been insane at the time of placing the will among his valuable papers, it will require an equally intelligent act of retaining it in such repository, in a lucid interval, to give it effect as a valid disposition of his property, this being equivalent to a publication; but to say he was at any time of sound mind and memory, and then retained it among his valuable papers, it would be conclusive that he intended it to be his will, is to state the rule too strongly.

Cases cited: Gass' Heirs *v.* Gass' Ex.. 3 Hum., 282; Crutcher & Crutcher, 11 Hum., 385; Act of 1784; Redfield on Wills, vol. 1, p. 373.

2. PRACTICE. *Charge to Jury. Expressions Incorrect. Reversible. When.* While the principle is a sound one, that a Judge's charge is not to be held erroneous on account of particular expressions, if the principle as given by him with all its qualifications, is substantially correct, yet if the rule as given to the jury when thus taken is not correct, and taken in connection with the facts of the case, is calculated to mislead the jury, this is ground for reversal.

Case cited: Trotter *v.* Watson, 6 Hum., 513.

3. SAME. *Burden of Proof in Insanity. Order of Counsel's Argument.* The defendants, claiming the right to have the opening and closing argument, because the burthen of proving insanity was on them, discussed.

---

FROM DAVIDSON.

---

Appeal from the Circuit Court. EUGENE CARY, Judge.

Gov. N. S. BROWN and J. C. THOMPSON, for Porter.

HON. R. L. CARUTHERS, for Campbell.

6—vol. 2.

R. M. Porter, *et al. v.* A. W. Campbell *et al.*

Opinion by the Court.

This is a case of an issue of *devisavit vel non* tried in Davidson County, contesting the will of Alex. M. Porter.

This will is a holographic one, and on the trial, when the will was produced, the defendant admitted the facts required to be shown by the statute in order to probate of such wills, and then introduced testimony attacking the will on the sole ground of incapacity of the testator to make a will, because of mental derangement. Under the charge of the Court, the jury, on the testimony, found in favor of the validity of the will, from which an appeal in the nature of a writ of error is prosecuted to this Court.

Several grounds of error are earnestly pressed on us for reversal: 1st. The defendants, contesting the will, claimed the right on the opening of the argument to make the opening and closing address to the jury, on the ground that they had the burden of proving the testator's insanity upon them. While the principle is correct, in the language of Judge Turley, in the case of *Gass' heirs* v. *Gass' executors*, 3 Hum., 282, that a party seeking to impeach the validity of a will for a supposed want of capacity on the part of the testator, must establish the fact of the insanity by the clearest and most satisfactory testimony, and therefore it may be well said that the burden of proof is on such party; yet in the form in which the question is presented in the pleadings in this

R. M. Porter *et al. v.* A. W. Campbell *et al.*

case and on the trial, we can see nothing wrong in
the course pursued by the Court below.    The issue,
as made up by the parties maintaining the will,
affirming simply that the papers propounded is the
last will and testament of Alex. M. Porter, deceased;
and then the contestants come and deny that the
said paper writing is the last will and testament of
their uncle, the said Porter, which issue was ordered
to be tried by a jury.    It is obvious that on this
issue the propounders of the will had all the burden
upon them, as in other cases, of proving the facts
required by the Code, such as the proof of the find-
ing of the will, the handwriting being generally
known, etc., in order to make out a *prima facie*
case, before the other parties were required to intro-
duce any evidence whatever.    The fact that they
chose to admit all these facts only stood in the place
of the proof, the issue required, and could not change
the rights of the parties.    Besides, the issue being a
general one, the parties being entitled to attack the
will under it for any legal cause, that they chose to
present evidence as to one ground alone, can have
no effect on the rights of the parties, as they stood
by the pleadings making the issue.    We therefore
hold, there was no error in the' ruling of the Court
on this question.    It is' proper to add that we do
not decide what would be the proper practice on
trial of an issue of *devisavit vel non,* where the con-
testants presented a plea or issue in an affirmative
form, asserting the incapacity of the testator, as the

sole ground of attack, nor whether the ruling of the Court on such a question would be such substantial error as this Court could reverse for. These questions are not before us in the case, and are left to be disposed of when raised.

The next objection is to the charge of his Honor, the Circuit Judge, as follows: "This will was made in December, 1861. If you shall find that after the execution of this will, and before the death of the testator, which took place in 1866, he was at any time of a sound and disposing mind and memory, and then retained this paper among his valuable papers, it would be very strong, if not conclusive proof that it was, and he intended it to be his will." While the principle is a sound one, that a Judge's charge is not to be held erroneous on account of particular expressions, if upon looking at the principle announced, with all its qualifications as given by him, it is substantially correct. See *Trotter* · v. *Watson*, 6th Hum., 513. Yet if the principle or rule given to the jury, when thus taken, is not correct, and taken in connection with the facts of the case, was calculated to mislead the jury, then this Court must reverse. The facts in the record show an effort on the part of contestants to prove that the testator was insane at the time of making the will, and perhaps at all times, for a number of years before his death, reaching back beyond the period of date of the will.

Much of the testimony tended to show that he was deranged at times, but had lucid intervals of

longer or shorter duration. It will be seen that the principle announced by his Honor was intended to apply to this state of the testimony, and was applicable to a state of facts, assuming that the will might have been prepared under a state of mental derangement, but that after this lucid intervals occurred. Did his Honor lay down the correct rule applicable to such a case? Mr. Redfield, Vol. 1, p. 373, in his work on wills, cites the rule from Swinburne, as follows: "So also persons of unsound mind, having made their will when not fully competent for such an act, if they republish such wills after being fully restored, there could be no question of their validity *notwithstanding the mere retaining them*, without express republication, would not have that effect." This is a sound and correct statement of the rule as to wills, executed and published under the English Statutes requiring publication in presence of witnesses, and as to wills to be executed in like manner in this state. It has been held in *Crutcher* v. *Crutcher*, 11 Hum., 385, in reference to a will under the Act of October, 1784, providing for holographic wills like the one in question in this case, "that in case of a testamentary paper being found among the valuable papers of the deceased, and proved in the manner prescribed, these circumstances are equivalent to a publication before witnesses, because it is to be inferred 'that the party intended to give effect to the paper as his will." But that was a case where there was no question as to the competency of the testator to make a will,

R. M. Porter *et al. v.* A. W. Campbell *et al.*

and therefore a competent party having performed the act of placing it among his valuable papers, this intelligent act, and the finding, as required by the statute, established it, as being equivalent to publication. In case of a person assumed to have been insane at the time of placing the paper among his valuable papers, so that this act could have no effect, it would require an equally intelligent act of retaining it in such repository in a lucid interval, to give it effect as a valid disposition of his property, and to say that if he was at *any* time of a sound and disposing mind and memory, and then retained it among his valuable papers, it would be conclusive that he intended it to be his will, is to state the rule too strongly. The state of facts assumed by his Honor would be persuasive evidence of the fact, and if a knowledge of the contents of the will was shown, or could be inferred fairly by the jury from the surrounding circumstances or by direct proof, then the will might be thereby established. In other words, such a state of facts as supposed by his Honor, would make out a *prima facie* case, yet might be rebutted by proof showing that the paper was kept for a different purpose, or that it had never been seen by testator in a lucid interval, or that he did not know its contents, or the place of its deposit, or other facts, in the language of the Court in 11 Hum., 386, showing the absence of the *animus testandi*, or that the writer did not intend by that particular script to make a final disposition of his property.

R. M. Porter *et al. v.* A. W. Campbell *et al.*

It is true in this case his Honor says first, "it would be very strong, if not conclusive proof," yet taking the whole sentence, the effect of it on the jury would necessarily be to lead them to give conclusive effect to the fact of finding the script among the valuable papers, under the circumstances stated by his Honor. In other words, we hold that the law does not give conclusive effect to establish the paper as the will of the testator by the facts stated by his Honor, and that in so stating he erred.

Other questions are presented in argument, but we do not deem it necessary to discuss them, as the case must be reversed and remanded for a new trial.