13b 247
4pi 333

## T. L. KENDRICK v. J. G. CISCO.

1. PARTNERSHIP. *Joint contractors.* *Evidence.* When D and C were sued jointly for provender sold D, on his individual credit to feed team used in carrying mail, he being the only party then known to the plaintiff as being concerned in carrying the mail, and C contended that he was not liable, and the plaintiff introduced in evidence a written contract between one S, who was the original contractor, and C and D upon its face showing that C was a joint contractor with D, and principal in carrying said mail, C insisting that in fact he was only surety for D, and that he was put as principal in the contract to enable him to draw the money simply for indemnifying himself as surety and for advances made by him to D. *Held,* it was error for the court to refuse to construe the contract and instruct the jury as to the meaning and legal import of same.

2. SPECIAL CHARGE. When special instructions which were substantially correct as a proposition of law were asked, and the original charge did not contain any equivalent instructions, and there was testimony applicable to the charge requested, it was error to refuse the charge.

FROM MADISON.

Appeal in error from the Law Court at Jackson. T. C. MUSE, J.

MCCORRY & BOND for Kendrick.

CAMPBELL & BROWN for Cisco.

COOKE, Sp. J., delivered the opinion of the court.

The plaintiff sued the defendant and one John G. Dodd before a justice of the peace, upon a matter of account, and recovered judgment against them jointly for about $67, and Cisco appealed to the Common Law and Chancery Court of Madi-on county, where a trial resulted in a verdict and judgment in favor of defendant, Cisco, and the plaintiff has appealed to this court. The Referees have reported that the judgment should be reversed and a new trial granted, to which the defendant has excepted. There is sufficient evidence in the record to sustain the verdict of the jury, and the cause will not be reversed except for error of the court, either in his charge or rulings during the trial.

The suit was for provender sold by the plaintiff to said Dodd to feed certain teams used in carrying the mails from Jackson to Lexington. The goods were sold and the credit given exclusively to Dodd, he being the

only party known to the plaintiff at the time as being concerned in carrying said mails and running said teams. But Cisco was sued jointly with Dodd upon the alleged ground that the plaintiff had subsequently ascertained that he was at the time either a partner or joint contractor with Dodd in the ownership of said teams and carrying said mails, and the provender having been purchased in and necessary for the carrying on of said business, the defendant, Cisco, was jointly liable with Dodd for the same. While it was contended upon one side that the defendant, Cisco, was such partner or joint contractor, and owner of said stock and contract for carrying said mails, it was insisted upon the other that the plaintiff's contention was not true, and that Cisco had no interest in or connection with the same except as the surety in fact of Dodd. That Dodd was the sole contractor, or rather sub-contractor, and Cisco having agreed to be his surety, Cisco's name, by an arrangement between all the parties, was put as principal in the contract to enable him to draw the money from the Government, which he was to do simply as a means of indemnifying himself against loss by reason of his being security for and advances made by him to said Dodd.

There was testimony adduced tending to sustain the theory of both parties, and in this stage of the trial the written contract between one Snodgrass, who was the original contractor with the Government for said mail route, and the defendant Cisco and Dodd, by which they became his sureties for his contract, and also obligated themselves to carry said mail upon said

route upon certain terms and conditions and for certain compensation specified therein, was introduced in evidence, manifestly for the purpose of showing the connection of Cisco with said contract and carrying said mail, and which upon its face did show that said Cisco was a joint contractor with said Dodd, and principal in carrying said mail.

The court was requested by the plaintiff to construe said contract and instruct the jury as to the meaning and legal import of the same. This the court refused to do, but permitted said contract to go to the jury unexplained along with the other evidence in the cause. This is assigned as error and the Referees have so reported.

It is true the action was not predicated upon this contract, but its terms were important evidence for the plaintiff in showing the just interest which the defendant Cisco, according to the theory of the plaintiff, had in said contract, and his joint liability with· Dodd in carrying said mail and in said teams employed therein and to feed, which the plaintiff had supplied provender, and we think the plaintiff was entitled to have the same properly construed and its terms and meaning correctly explained to the jury, and it is easy to be seen how the court's refusal to do so may have prejudiced the plaintiff: 2 Par. on Contracts, 491–2, and note *b;* 12 Heis., 457.

At the conclusion of his general charge the court was requested by the plaintiff to charge the following propositions: "If you find from the evidence that plaintiff and defendant entered into a joint understand-

ing to carry the mail, and in doing so both of them were principals, and by agreement between themselves in order to accomplish a single end, for instance, to enable one of them, by his name appearing as a principal to draw money, this would make them jointly liable for all necessary supplies purchased by one of them for the joint enterprise; and this is so although they might not be technically designated as partners on account of a private agreement not to share profits. If they were principals in a joint undertaking they were jointly liable as to matters arising out of such joint business." This was refused by the court.

There was testimony tending to show by the terms of the contract itself and *aliunde,* that defendant Cisco and Dodd were joint contractors and principals in carrying said mail, and joint owners of the teams, etc., employed for that purpose, and that the plaintiff furnished said provender to feed said teams to Dodd upon his promise that he should be paid for the same out of the quarterly payments to be secured for carrying said mails, and that said provender was necessary for the feeding said stock. And that by an arrangement between defendant Cisco and Dodd, Cisco was to receive all the compensation due and for carrying said mails, but that this, as well as his connection with said contract was unknown to the plaintiff at the time he furnished said provender.

This testimony was applicable to the charge requested, and which, while it might be subject to some verbal criticism, is substantially correct as a proposition of law. The original charge did not contain any equiv-

alent instructions, and while there was other conflicting testimony tending to establish a different state of facts, yet we think the plaintiff was entitled to said charge and it was error to refuse it, and the Referees have so reported.

The exceptions to the report must, therefore, be disallowed, said report confirmed, and the judgment of the court below reversed and a new trial granted.