Railroad *v.* Egerton.

## RAILROAD *v.* EGERTON.

### (*Nashville.* March 6, 1897.)

1. SUPREME COURT. *Record entries of motions for new trial, and in arrest, essential.*

   It is essential in this Court, as regards that class of questions which must be made by motion for new trial or in arrest of judgment, that such motions, and the action of the Court thereon, should be entered upon the minute book, and the omission to do so cannot be supplied by a recital in the bill of exceptions that such motions were made and overruled. (*Post, pp. 542, 543.*)

2. CHARGE OF COURT. *Erroneous refusal to charge request.*

   It is reversible error for the Court to refuse to give defendant's request to the jury presenting its theory of the case, where, in a suit against a railroad company for the killing of a person found mangled and unconscious near its track, there is no direct evidence of the manner of death, but circumstances supporting almost equally the theory advanced by plaintiff, that deceased was killed by a front-end collision, and the theory advanced by defendant that he was injured in an attempt to board the train while in motion. (*Post, pp. 543, 544.*)

---

FROM DICKSON.

---

Appeal in error from Circuit Court of Dickson County. W. L. GRIGSBY, J.

W. C. CHERRY, JACOB LEECH, J. D. B. DEBOW for Railroad.

LEECH & SAVAGE, W. E. CULLUM, and H. C. RICHARDSON for Egerton.

SNODGRASS, C. J. Egerton, as administrator of Nathan Bear, brought this action for damages against the plaintiff in error for the negligent killing of his intestate, who, it is claimed, was struck and killed by a passing train of the company, between Coalburg and Dickson, Tenn. It appears in evidence that plaintiff's intestate, mangled and unconscious, was found near the railway on the morning of December 20, 1895. No one saw the injury inflicted upon him, and it was a matter of controversy whether it was done by any train of the company, and, if so, how. But the case, on the proper issue, was tried, and a verdict and judgment rendered in favor of the plaintiff for $3,000. The defendant appealed in error, its motion for a new trial and in arrest of judgment being overruled, as it avers and as appears in the bill of exceptions.

It does not appear, however, on the minutes of the Court that any such motions were made, though the bill of exceptions recites the fact that they were made. We cannot, therefore, hold that any such motions were made at all. If made, it was necessary that they should have been entered on the minutes of the Court, and, even though they had been in fact made, and the bill of exceptions pre-

sented be treated as showing that they were made, it is still indispensable that they should appear, with the action of the Court thereon, on the minutes. It is not the office of a bill of exceptions to preserve minute entries, and take the place of the minutes of the Court. There is, therefore, no question raised, as far as the evidence. is concerned, which can be looked to under that assignment on the merits. The minutes, however, do show that an appeal was prayed and granted, and, in such case, errors of law assigned can be looked to by this Court, although there were no motions for a new trial and in arrest of judgment.

Thus regarding the assignment, we proceed, therefore, to consider the errors of law raised. Among other things complained of, in this connection, is the following:

Defendant requested the Court to charge the jury: "If you believe, from the proof, that the deceased never appeared in front of the train, but staggered against some part of the train back of the front of the engine, the plaintiff could not recover." This request was refused by the Court. As already shown, there was no definite proof to establish where or when or how the deceased was struck. Under the evidence, it is just as possible, if not as probable, that he was injured in the way indicated in the request as in any other way. The defendant, therefore, had the right to this instruction, and it was error to refuse to give it. It is no answer to this

to say, as it is argued, that there is no evidence to show that he was struck in this manner, for there is equally no evidence to show that he was struck in any other manner by the train.

The defendant's theory was, that he was not injured by a train at all, but most probably struck in a drunken brawl by some unknown assailant; but if his injury resulted from a collision with a train, the argument was made that, from the construction of the car, it would have been impossible for him to have received the particular injuries by any collision with the front end, or any part of the front end, of a passing engine, and that it was possible, and more probable, that his injuries could have been or were inflicted while he was attempting to board a train or staggering against it, than by such front-end collision. How this, in fact, occurred does not appear. Which, if either, theory is true or most probably true, are matters to be left to the jury, with all the other facts of the case under a proper charge. The defendant certainly had a right to have this view of it considered by the jury, in the absence of any proof of the manner in which the accident occurred. The judgment is therefore reversed, and the case remanded for a new trial.