MEMPHIS STREET RY. CO. v. NEWMAN.

(*Jackson.*    May  22,  1902.)

CHARGE OF COURT.    *Error to refuse request presenting party's theory of his case.*

The Court commits reversible error by refusing to give an additional request, seasonably made, and not covered by the original charge, presenting a theory of the case, supported by material evidence, upon which, if found true, the requesting party is entitled to win the suit.

Cases cited: Souey *v.* State, 13 Lea, 472; Railroad *v.* Egerton, 98 Tenn., 541; Wooten *v.* State, 99 Tenn., 195.

FROM  SHELBY.

Appeal from the Circuit Court of Shelby.    L. H. ESTES,  J.

WRIGHT, PETERS & WRIGHT for Railway Co.

GEO. HARSH and JAS. M. GREER for Newman.

CALDWELL, J.    This is an action under the statute (Shannon's Code, §§ 4025, 4026) for the death by wrongful act, in which the Memphis Street Railway Company appeals in error from a judgment for $500, recovered by John Newman, as administrator

for his minor son, Archie Newman, for fatal injuries to the latter.

The Memphis Street Railway Company owns and operates a system of electric street cars in the city of Memphis. It has two tracks on Mississippi Avenue, a street that runs north and south. The cars move in different directions on these two tracks, those on the west track going south, and those on the east track going north.

One evening in October, 1899, the deceased, Archie Newman, a lad of eleven years, and his companion, Carl Zimmerman, a boy three years older, "hopped" upon the running-board, outside of the rope on the west and inner side of one of the company's north bound cars, with a view of "stealing a ride" for the distance of a block or so. When they had gone about sixty yards, Archie jumped off against the side of another car moving in the opposite direction upon the other track, and was so injured by the collision that death resulted in about two hours.

The declaration avers that the conductor in charge of the former of these cars "rushed at Archie in a malicious, threatening, and violent manner, forcing him, through fear, to jump from said car" against the other one, thereby negligently and wrongfully causing the boy's death.

The plaintiff introduced testimony tending to establish this averment of fact. But the defendant, on the other hand, presented witnesses whose testi-

mony tended to show that the conductor did no such thing, and only walked, as he should have done, on the running-board on the opposite side of the car, to collect fare from a passenger who had recently boarded the car in front of him.

The learned trial Judge gave the jury elaborate instruction as to the law deemed applicable to the plaintiff's theory of the distressing catastrophe, but omitted any instruction in reference to the defendant's theory. To supply this omission, the counsel for the defendant asked the Court to supplement his charge with the following instruction, namely: "If you find from the evidence that the conductor of the north bound car was walking on the running-board on the outside of the same for the purpose of collecting a fare from a passenger who had boarded it, and that he neither said nor did anything to the deceased, who was on the running-board on the opposite side of the car, and that the deceased jumped off and was killed, there cannot be a recovery against the defendant."

This request was refused, and the case went to the jury *without any* direction as to the verdict to be rendered if the defendant's version of the facts should be believed. Therein vital error was committed against the defendant, and the consequence of that error is not avoided by the suggestion of plaintiff's counsel that the Court, in the charge given, submitted a proposition more favorable to the defendant than that requested and refused. No spec-

ulation can be rightly indulged along the line of that suggestion. It is enough that the proposition referred to as having been given did not, under any legitimate interpretation, embrace the theory of fact presented by the defendant's witnesses.

It is the indisputable right of every litigant, upon seasonable and appropriate request, to have every material issue of fact on which he has introduced material testimony submitted to the consideration of the jury with proper legal directions in respect of the verdict to be returned, upon the hypothesis that such testimony shall be found to be true. Or, differently stated, every litigant with testimony tending to sustain it is entitled, on proper request, to have his theory of every material issue of fact submitted to the jury on a correct charge of the applicatory law. *Souey* v. *State*, 13 Lea, 472; *Railroad* v. *Egerton*, 98 Tenn., 541; *Wooten* v. *State*, 99 Tenn., 195.

The present defendant was denied that right, and through that denial it may have lost its opportunity for a favorable verdict. This renders the error material and reversible. That the refused request for instruction was sound in law is too obvious to allow debate or require the citation of authorities.

Reverse and remand.