McClard *v.* Reid.

(*Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

338

Luther Creasy, of Gallatin, and Manier, Crouch, Manier & White, of Nashville, for plaintiff in error.

Harold Howser, of Gallatin, Williams, Cummings & West, Hugh C. Howser, all of Nashville, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This is another automobile accident case. The respondent, Reid, a pedestrian, was severely injured by being

struck by an automobile, owned and operated by the petitioner, McClard. A jury verdict of $12,500 was approved by the trial judge and the Court of Appeals. We granted certiorari and suggested argument on certain portions of the trial judge's charge to the jury, only. We have heard this argument and have fully considered the entire record, briefs, etc.

██ ██ Numerous assignments of error are made in the petition for certiorari. Most of these, except those hereinafter considered, deal with the question of subtly getting before the jury the fact that the petitioner had liability insurance on his automobile. All of these questions have been ably and fairly dealt with by the Court of Appeals. We are satified with their ruling thereon. The effect of this holding is that the trial judge has not abused his discretion in allowing the insurance feature to be developed. Under modern times and conditions it is more or less a question for the trial court, to exercise his discretion on, as to whether or not the plaintiff has deliberately injected the insurance question to the prejudice of the defendant. The trial court was very careful not to abuse such discretion herein.

The defense of the petitioner was (1) that the respondent was guilty of contributory negligence, or at least remote contributory negligence, and (2) the doctrine of sudden emergency.

The charge of the trial court on remote contributory negligence was: ''You are further instructed, however, that if you find from the preponderance of the evidence and believe therefrom that the plaintiff was guilty of some act of negligence upon the occasion or accident, but that this failure to exercise due care was not one of the direct and proximate causes of the collision or

accident, but was only a remote circumstance or fact, then your verdict will be for the plaintiff, provided you further find and believe from the evidence that the defendant was guilty of one or more acts of negligence charged against him, provided that you further find from the evidence that the negligence of the defendant thus found was the direct and proximate cause of the accident and injury.''

The effect of this charge is to affirmatively charge that remote contributory negligence is not to be considered by the jury. The law of this State is to the contrary. It has long been the law in Tennessee that remote contributory negligence must be considered by the jury in mitigation of damages. In *Louisville & N. Railroad Co.* v. *Martin*, 113 Tenn. 266, 87 S. W. 418, it was said: ''The wisdom and soundness of this rule must be apparent on a moment's reflection, for, if as a matter of law, it is not the duty of the jury, in the assessment of damages, to mitigate the recovery in proportion to the contribution of the plaintiff to the injuries, cases would occur where gross injustice would be inflicted upon defendants, in the exercise of the jury's discretion, in ignoring altogether the contributory negligence of the plaintiff.'' 113 Tenn. at page 278, 87 S. W. at page 421.

What is meant by 'remote contributory negligence' should have been explained to the jury. The failure to do so did not amount to reversible error. The error committed by the charge was the failure of the trial judge to tell the jury that the remote contributory negligence, if any, must be taken in mitigation of damages.

No special request was tendered by the defendant asking that this error be corrected. The Court of Appeals expressed the opinion that the failure to correctly charge, as above indicated, was an "inadvertence or oversight" and that in the absence of a special request on the subject "we shall not reverse, when we consider that the damages awarded were small enough for the injuries sustained. Code Section 10654".

In *Louisville & N. Railroad Co.* v. *Martin, supra*, this Court held that the use of the word "may" instead of "must", in an instruction to the jury as to their duty in reference to remote contributory negligence, amounted to affirmative error so that no special request was necessary. This opinion, *Louisville & N. Railroad Co.* v. *Martin*, was written prior to the harmless error statute, Code, Section 10654.

Does this Code Section, 10654, the harmless error statute, save the error here committed?

This statute has been a very salutary piece of legislation. Since its passage in 1911 we have been able to overlook many errors committed below when they were harmless and did not affect the result of the trial. Prior to the enactment of this statute many cases had to be reversed and remanded for a new trial even though the error did not affect the result.

It seems to us that this statute does not take care of the error here being discussed. We do not know what the jury would have fixed as damages had they been told that if the plaintiff was guilty of remote contributory negligence they "must" take this in mitigation of damages. The amount of damages is primarily a question for the jury after they have been correctly charged by the trial court as to what they should con-

sider in fixing this amount. When this has been done and the amount approved by the trial judge an appellate court rarely ever disapproves of the amount. When an appellate court approves of the amount of damages allowed by a jury, not properly charged as to how these damages should be fixed, this more or less amounts to the appellate court fixing the amount of damage.

We have held time and again that we will not reverse a case for meagerness, inadequacy, etc., in a given charge unless a special request is asked which correctly sets forth the points to be charged on. Where a charge as given contains errors of such a nature as to mislead the jury on a material question in the case it is our duty to correct the error, whether the error is pointed out by special request or not. *Weakley* v. *Pearce,* 52 Tenn. 401, 402; *Mariner* v. *Smith,* 66 Tenn. 423; *Louisville & N. Railroad Co.* v. *Martin,* 113 Tenn. 266, 87 S. W. 418; *Porter* v. *Campbell,* 61 Tenn. 81.

If the jury found that the plaintiff was guilty of some negligence, but that such negligence on the part of the plaintiff was not the cause of the plaintiff's injuries, or did not proximately concur with the negligence, if any, of the defendant in producing plaintiff's injuries, but contributed only remotely thereto, then the plaintiff's remote contributory negligence would not defeat the plaintiff's recovery, but such remote contributory negligence, if any, on the part of the plaintiff *must* be taken into consideration by the jury and a proper deduction made by the jury on that account from the amount of damages which the jury would otherwise award to the plaintiff.

In charging the theory of the defendant, the trial court said: "Now, it is the insistence of the defendant that he

is not guilty of negligence in any respect. He insists that he was driving down the highway upon the right hand side of the highway or safely upon the right hand side, and there were no other vehicles except one vehicle had met and passed him safely and that he proceeded on down the highway and using that part of the highway which the law gives him the right to use and that there was snow falling and that visibility was low and that he didn't see the plaintiff until he was almost upon him and then he pulled to the right as he believed that was the only reasonably prudent and safe thing for him to do in an effort to avoid the accident.''

The Court of Appeals held that this ''in effect charged the emergency rule''. Therefore, said that court, the special requests asked were properly refused because they were ''substantially given in the main charge . . .'' The legal conclusion, that is, where the main charge substantially contains the special request such a request is properly refused, is correct but the application here is erroneous.

The theory of the parties in and of itself, that is, without the law applicable thereto which is given by the trial court, is not such a part of the main charge as will support the legal conclusion of the Court of Appeals. The theories of the parties are given the jury and then they are told what the applicable law is.

The above quoted portion of the charge which is said to substantially contain the emergency rule, nowhere tells the jury what the applicable law is if this theory is correct. The jury was entitled to and should have been charged as to the applicable law on this theory of the case if the special requests correctly embodied the law applicable.

█ We have carefully examined the two special requests offered on this theory (sudden emergency) by the defendant. Both of the requests embody a correct statement of law, pertinent to the issues made by the pleadings, and presented a theory of the case, supported by some evidence, which was not embraced or included in the charge of the court to the jury, and which was a vital part of the defense. This being true, the defendant was entitled to have this theory and the law applicable submitted to the jury, and a refusal was prejudicial error. 53 Am. Jur., Sections 549, 581-583, 651; *Kendrick* v. *Cisco*, 81 Tenn. 247, 251; *Nashville, C. & St. L. R. Co.* v. *Egerton*, 98 Tenn. 541, 544, 41 S. W. 1035; *Memphis Street Ry. Co.* v. *Newman*, 108 Tenn. 666, 669, 69 S. W. 269.

█ █ Where one is confronted with a sudden emergency without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had time for deliberation. Accordingly if he exercised such care as an ordinarily prudent person would exercise when confronted by a like emergency, he is not liable for an injury which has resulted from his conduct, even though another course of conduct would have been more judicious or safer or might even have avoided the injury, as under such circumstances the injury is regarded as an inevitable accident, provided that the defendant is not guilty of some act of negligence which caused the emergency or places him in a position of an emergency.

█ For the reasons above set forth we must reverse and remand the cause for a new trial. The costs of ap-

peal will be taxed to the defendant in error (plaintiff below) while the costs of the lower court will await the outcome there.

All concur.