**Delmar HALL, Plaintiff,**

v.

**Bobby Martin MARSHALL and Lila Marshall, Defendants.**

**Civ. A. No. 1949.**

United States District Court
E. D. Tennessee,
Northeastern Division.

March 24, 1967.

Preston H. Taylor, M. Lacy West, Kingsport, Tenn., for plaintiff.

James W. Mitchell, Kingsport, Tenn., S. J. Milligan, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Mr. Delmar Hall is a physically and mentally handicapped adult white male whose only means of supporting himself prior to February 20, 1965 was selling newspapers in and near Kingsport, Tennessee. On that day he became totally and permanently disabled as the proximate result of being struck, while a pedestrian, by a pickup truck owned by the defendant Mrs. Lila Marshall and being operated by her son and agent, Mr. Bobby Martin Marshall.

Mr. Hall instituted this lawsuit against the defendants Marshall and, on a finding that Mr. Marshall was proximately negligent in causing Mr. Hall's injuries, the jury herein awarded Mr. Hall $7,500 in damages. The defendants seek a judgment notwithstanding the jury's verdict for Mr. Hall, Rule 50(b), Federal Rules of Civil Procedure, or, in the alternative, a new trial, Rule 50(b), supra, claiming that there was no evidence of Mr. Marshall's negligence before the jury, and that there was evidence of Mr. Hall's negligence, barring any recovery by him herein.

The defendants' motion for a judgment notwithstanding the verdict has the effect of renewing their earlier motions for a directed verdict. United States v. Simmons, C.A. 5th (1965) 346 F.2d 213, 215 [2]. In considering a motion for a directed verdict, the trial judge is not free to set aside the verdict of the jury, merely because he may feel that another result would have been more reasonable. Massey v. Chattanooga Station Co., C.A. 6th (1954), 210 F.2d 167, 168 [2]. Rather, under Tennessee law, the trial court is required " ' * * * to look to all the evidence, to take as true the evidence for the plaintiff, to discard

all countervailing evidence, to take the strongest legitimate view of the evidence for the plaintiff, to allow all reasonable inferences from it in his favor; and if then there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion for a directed verdict must be denied.' * * *'' Wallace v. Louisville & Nashville Railroad Co., C.A. 6th (1964), 332 F. 2d 97, 99 [1].

There was evidence herein to establish directly or by reasonable inference that Mr. Marshall was guilty of proximate negligence and also evidence to establish in the same manner that Mr. Hall was guilty of either proximate or remote contributory negligence.

Mr. Hall, although forewarned against the practice, was engaged immediately before he was injured, in selling newspapers to passing motorists from a point on a double yellow line in the center of Lynn Garden Drive, one of the busiest thoroughfares in and near Kingsport. He had stationed himself at the "T"-type intersection of this thoroughfare with Gravely Road, which serves Lynn Garden School. Vehicles turning left into Gravely Road from Lynn Garden Drive must await the clearance of northbound traffic. The roadway where Mr. Hall stood was a four-lane drive, separated only by a double yellow line, with northbound and southbound traffic each being served by two lanes. The point where Mr. Hall stood was visible from the North for about 1,000 feet, and southbound traffic descended a slight downhill grade. Mr. Marshall, as he approached in his mother's truck, did not see Mr. Hall.

Mr. Hall's last customer preceding this accident was Mr. Allen Godsey, whose residence Mr. Hall had served previously on a paper route. Mr. Godsey observed no approaching traffic behind him as he stopped to purchase a newspaper. After completing their transaction, Mr. Hall requested and received permission from Mr. Godsey to ride in the Godsey automobile toward downtown Kingsport. Mr. Hall thereupon left his former position near the intersection crosswalk for pedestrians on the driver's side of the automobile, moved in front of the Godsey automobile in the crosswalk and about two feet into the outside lane for southbound traffic toward the passenger's side of the automobile, when he was struck by the Marshall truck.

The defendants and another son of Mrs. Marshall were proceeding southwardly toward the intersection involved. Mr. Marshall and another amateur mechanic had undertaken to adjust the brakes on Mrs. Marshall's truck a short time before. Mr. Marshall had defective vision.[1] As the truck proceeded in the inner lane for southbound traffic, Mr. Marshall observed a line of two or more cars in that lane at the aforesaid intersection. Assuming that one or more of the vehicles was preparing for a left turn, Mr. Marshall maintained the speed of the truck at 25 to 30 m. p. h. as he guided the truck from the inner to the outer southbound lane to avoid the aforementioned line of traffic. As Mr. Hall emerged suddenly from in front of the Godsey vehicle, and when Mr. Marshall's vision adjusted to the situation confronting him, the left front fender of the truck struck Mr. Hall. Commendably then, Mr. Marshall turned his mother's truck to its right, with the thought of avoiding the possibility of also running over Mr. Hall, who had been knocked 50 to 60 feet through the air southward and to the pavement of the roadway. The left wheels of the truck left uninterrupted tire skid marks of sixteen feet, six inches, while the right wheels thereof left an aggregate of 35 feet, ten inches of tire skid marks, with a gap of three feet about midway therein. The tire

1. Mr. Marshall's affliction is binocular diplopia, the "* * * seeing of single objects as double or two * * * due to a derangement of the muscular coordina-

tion of the eyes. * * *" Dorland's Illustrated Medical Dictionary, 23rd ed., p. 391.

skid marks ended at the extreme right edge of the outside southbound lane near a sidewalk and commenced somewhere near the center, or possibly to the left, of the center line of the two southbound lanes for traffic.

 Although Captain Richard Dawson, of the Tennessee Highway Patrol, testified that it is impossible to bring a vehicle moving at the rate of speed of 30 miles per hour to a complete stop in one car length, *i. e.*, 20 feet, neither the precise speed of the Marshall truck nor the exact distance Mr. Marshall braked the truck formed a predicate for his opinion. The jury would have been justified in disregarding his expert conclusion under these circumstances. He stated his further opinion that the tire marks he observed indicated to him that the Marshall truck was being driven with defective brakes.[2]

■■ The age of Mr. Hall, his present life expectancy, the nature and extent of his injuries, and the amount of the award[3] suggest that, while the jury found that Mr. Marshall's negligence was a proximate cause of Mr. Hall's injuries, the contributory negligence of Mr. Hall was remote, rather than proximate. In any event, there was sufficient evidence from which the jury could have found Mr. Marshall guilty of proximate negligence and Mr. Hall guilty of some act of negligence, but that the latter's failure to exercise due care was not one of the direct and proximate causes of the accident, but was only a remote circumstance or fact. " * * * All of this ` * * * made questions of fact to be resolved by the jury. * * * " Jenkins v. Associated Transport, Inc., C.A. 6th (1964), 330 F.2d 706, 709 [2]; cf.

United States v. Bohachevsky, C.A. 8th (1963), 324 F.2d 120.

It results that the defense motions aforesaid must be, and hereby are,

Overruled.

---

2. " * * * All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle." T.C.A. § 59–917(5).

3. The jury was obliged to mitigate the damages on a finding of Mr. Hall's remote contributory negligence. McClard v. Reid (1950), 190 Tenn. 337, 343, 229 S.W.2d 505, 507 [3].