T. R. (Thurman) Bullington

*v.*

Garnet Whitson.

444 S.W.2d 152.

(*Nashville,* December Term, 1968.)

Opinion filed July 11, 1969.

Opinion on Petition to Rehear filed August 27, 1969.

E. A. LANGFORD, Cookeville, SOLON FITZPATRICK, Carthage, for plaintiff in error-petitioner.

WESLEY P. FLATT, JR., Cookeville, for defendant in error-respondent.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This is an automobile accident case wherein damages were awarded the plaintiff, and on appeal to the Court of Appeals these damages were affirmed with a minor exception. As a result of this affirmance the case has been revived by Mr. Bullington's administrator, Mr. Bulling-

ton having died after the case was appealed and was pending in the Court of Appeals.

We, after reading the record, authorities, etc., granted the writ for the purpose of considering two questions therein presented. These questions are: (1) when an automobile is left parked on the side of a hill and rolls down from this place without any driver and runs into a car traveling along the highway, and it was only shown who was the owner of this car, do the statutory presumptions apply to the owner of this car in the absence of any proof on the question; and (2) does the failure of the trial judge to charge the imperative "must" in the instruction in reference to contributory negligence when he used only the term "would" in such instruction make it a reversible error?

The plaintiff, Whitson, sued the defendant, Bullington, for $15,000.00 damages as the result of an automobile accident which happened on U.S. Highway 70-N in Putnam County, on August 15, 1965. The suit was for personal injuries, damage to his automobile, medical expenses for his wife and for loss of her services and consortium. The suit was based on the alleged negligence of the defendant in parking his automobile in a driveway on an incline without applying the brakes or putting it in parking gear with the result that it rolled off said incline into the highway striking plaintiff's car as he drove along said highway.

The case was tried before a Circuit Judge and jury and that body rendered judgment in favor of the plaintiff breaking it down into various aspects. The judgment rendered as a whole was for $11,250.00 and this was divided as follows: for the plaintiff's personal injuries $731.85; for his personal medical expenses $39.00; for

damage to his automobile $3,350.00; rental for a car until he could get a new model Cadillac to use in his business $686.00; for domestic help to assist his wife during her illness and while suffering disability from injuries received in the wreck, $450.00; for his wife's doc-or bill $200.00; for her drug bill $215.00; for her hospital bill $578.15; and for loss of her services and consortium $5,000.00.

The Court of Appeals affirmed this judgment *in toto* except for the rental of a car for $686.00 until he got his car fixed, which is not complained of here.

The parties to this lawsuit agreed, and there was no proof on the subject one way or the other, that the defendant and the plaintiff were the owners of the two cars involved in this collision; it was also stipulated that the damage done to plaintiff's Cadillac was $3,350.00. The principal complaint made by the petition here, and which was also made in the Court of Appeals, is that there was no evidence to support the verdict. The argument on this is that there was no proof at all about how this car was left on the incline, who left it there, or how it got there or anything else. There was just the fact that as the plaintiff passed along by the car it rolled down the incline and ran into the car that was passing along on the highway and caused the damages; and there being no other proof the various statutes on presumption did not meet the requirements so as to show there was any evidence of negligence against the defendant.

██ We disagree with this argument and think unquestionably that T.C.A. Section 59-1037 and Section 59-1038, as now carried in the Code, make proof of ownership *prima facie* evidence that the vehicle at the time of the accident was being operated by the owner or by the

owner's employee for the owner's use in the course and scope of the employment. This being the same type of proof as already provided under T.C.A. Section 59-1038, Registration. The argument here is that since there was no one operating this car of the defendant this presumption does not apply. We feel confident that the meaning of the statute is that as long as it is shown who the car belonged to and the way the wreck happened then there is a presumption that the owner of that car is responsible for parking it there and for not taking the proper precautions to keep it from running down the hill and injuring someone negligently. This presumption maintains until there is evidence offered to the contrary that the vehicle was not put there by its owner or anyone authorized by him to do so. In other words, the burden is on the defendant after it is shown how the accident happened of going forward with proof to rebut the fact that he or his servants or members of his family left the car in the position which was the cause of this wreck. This burden of going forward with such proof to rebut such presumption normally would be a jury question but circumstances could be shown by the introduction or positive credible evidence on the subject to rebut such presumption.

In Cyclopedia of Automobile Law and Practice, Blashfield, Vol. 9B at Section 6075, the author says in reference to runaway automobiles that:

"Motor vehicles have dangerous potentialities and, when not handled carefully by competent persons, become, under certain conditions, dangerous instrumentalities and public nuisances. Therefore, the unexplained presence upon a public highway of a runaway motortruck, without a driver or occupant, moving along

the highway to the far side thereof, mounting the curb, and causing serious physical injury to a person lawfully there, raises a prima facie presumption of negligence on the part of the owner and his employee having charge of the truck.''

Some cases are cited under this statement which apply the doctrine of *res ipsa loquitur* to such a situation. We think that under the authorities of this State such a doctrine is applicable here. In the case of *Roberts v. Ray,* 45 Tenn.App. 280, 322 S.W.2d 435, Judge Felts, who was then a member of the Court of Appeals and afterwards on this Court, in his very thorough and painstaking manner annunciated that doctrine in a similar kind of case where a car in Davidson County ran down a grade into a street and crashed into a building, and Judge Felts said in that case:

"We think these circumstances are such as to make a case *res ipsa loquitur* '(W)here the thing (causing the harm) is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care'. *Sullivan v. Crabtree,* 36 Tenn.App. 469, 473, 258 S.W.2d 782, 783-784; *McCloud v. City of La Follette,* 38 Tenn.App. 553, 559, 276 S.W.2d 763, and cases there cited.''

As we have said above, we think unquestionably the fact that this car was shown to have belonged to the defendant, that is, the car that ran down the hill, that this shifts the burden to him to come forward with proof to show that he or those responsible to him did not leave

the car in an unsafe way, and consequently the doctrine of *res ipsa loquitur* applies and means that the facts of such occurrence are evidence of negligence and that the circumstances unexplained justify an inference of negligence. Judge Felts defined the doctrine of *res ipsa loquitur* in the *Roberts* opinion, supra, taking his definition from *Boykin v. Chase Bottling Works*, 32 Tenn.App. 508, 522, 222 S.W.2d 889, 986, as follows: *Res Ipsa Loquitur* "is not an arbitrary rule (but) is rather a common sense appraisal of the probative value of circumstantial evidence." This certainly applies under the factual situation in this case.

One of the principal reasons for the application of this doctrine is that the proof of the cause of the injury is more accessible to the person against whom the rule is applied than it is to the other party. In this case now before us the plaintiff was driving along U. S. Highway 70-N near Cookeville, which is a public thoroughfare, when suddenly, and without any warning, an automobile with no driver crashed into the side of the car he was driving, and severely damaged his car. The car that ran into and damaged him, it is conceded, belonged to the defendant. The most logical conclusion under such circumstances is that the defendant or someone for him had exclusive control of this car where it was left. We think, unquestionably, the defendant becomes liable for the damages done herein.

Under the statutes in Pennsylvania, which are similar to our statutes, above referred to, that court in *Endler v. U. S.*, D.C.Pa., 101 F.Supp. 332, held that when anyone leaves an automobile and within a short space of time the automobile is found without a driver some distance away the trier of facts can draw an inference that the driver

did not leave the automobile in a proper condition, and unless the driver produces evidence which is believed by the trier of facts that explains the accident the trier of facts has a right to believe that the driver was negligent. We think such is applicable here.

■ The last question we think necessary to consider in this case is that the defendant complains of a charge that the court gave the jury in words and figures, as follows:

"If the Defendant's wrongful and negligent acts were the proximate cause of the injury to the Plaintiff, and the Plaintiff was guilty of negligence which was not the proximate cause, nor did it proximately contribute thereto, then the Plaintiff would be entitled to recover, and his negligence, if you should find that he was guilty of negligence, *would* be weighed in mitigating or lessening the damages allowable." (Emphasis supplied.)

The complaint about this charge is in the use of the word, "would", in the last sentence, as it is not imperative as is required under the authorities of this State, which has been gone into fully by this Court in *McClard v. Reid,* 190 Tenn. 337, 229 S.W.2d 505, and again in *Poe v. Atlantic Coast Line R. Co.,* 205 Tenn. 276, 326 S.W.2d 461. It is not necessary for us to again discuss or go into the question of why the imperative "must" should be used rather than the word "would".

To establish the defense of contributory negligence which was not the proximate cause of the injury but only that it contributed thereto, the court in charging the jury must charge that this contributory negligence must, that is in a mandatory form, be credited on such damages

that plaintiff would otherwise get from the defendant. The use of the word "would" in the instruction to the jury did not make it a mandatory instruction since the word "would" expresses merely a possibility or a contingency, and the use of it, as we held in the two cases cited above, as well as others, in such an instruction makes it such an error that the harmless error statute (T.C.A. Section 27-117) does not cure the error.

The Court of Appeals felt that this could be harmless error because:

"From the proof, it appears that if plaintiff was guilty of any negligence in failing to see defendant's car as it approached the highway, it must have been proximate and not remote negligence."

And then for the further reason that at the time the charge was given and before the case was submitted to the jury, the trial judge asked if there was anything else, and counsel on both sides responded, "no", and thus counsel did not request any special charge to correct this error. We in *McClard v. Reid,* supra, held that the failure to charge "must" in such an instruction, or an imperative word of the kind, amounts to an affirmative error and that no special request was necessary to correct such an erroneous charge and that the harmless error statute (T.C.A. Section 27-117) did not apply to an affirmative error. This has been reiterated time and again, and was again said in *McCullough v. Johnson Freight Lines, Inc.,* 202 Tenn. 596, 605, 308 S.W.2d 387.

In the present case there was some proof in the record by a man who was driving a short distance ahead of the plaintiff that he did see this car rolling down the hill towards the road, and thus the argument is that since

this witness saw the car the jury should take that into consideration as to whether or not the plaintiff was guilty of contributory negligence by not seeing this car coming toward the highway and turn his car in another way or do something of the kind to help protect himself. The argument is, which is correct, that the jury brought in all the damages sought by the plaintiff and made no allowance for contributory negligence, and that that shows that they did not take it into consideration and did not understand it. Of course, whether they did or did not is a question for the jury under the different factual situations with a proper legal charge, and we, as a Court, cannot speculate on whether they did or did not.

After hearing arguments on this certiorari and studying the authorities, we think for the reasons above expressed that the judgment of the Court of Appeals must be reversed and the cause remanded for a new trial consistent with what is herein said.

### OPINION ON PETITION TO REHEAR

Counsel for Whitson have filed herein a courteous, dignified and forceful petition to rehear. There is only one question raised in this petition and that is the insistence that the use of the word, "would", is equivalent to and the same as the use of the word, "must", which words have been plainly distinguished in the annals of jurisprudence of this State for more than a hundred years and as specifically pointed out in *Poe v. Atlantic Coast Line R. Co.*, 205 Tenn. 276, 326 S.W.2d 461, and *McClard v. Reid*, 190 Tenn. 337, 229 S.W.2d 505, wherein this Court reversed the trial court in those two cases because the word used was "would" when the word used

in the charge should have been "must" for the reasons stated in those opinions.

It is now argued very forcibly that the meaning of the word "would" is changed under modern usage and in support of this proposition there are dozens of dictionary and grammar definitions cited but none of these meets the problem and in any wise convinces us that there has been any change in the use of said word, even under the factual situation as presented in the present lawsuit.

In other words we reversed the present lawsuit under the authority of the two cases last above cited because the charge to the jury did not tell them they "must" take into consideration contributory negligence and must make a proper deduction from the damages otherwise awarded, but the word "would" was used in the charge. These dictionary definitions have not changed it in the least.

As a matter of fact counsel in his argument uses the word "must" instead of "would" in the same way that a trial judge "must" charge a jury under these circumstances when he says: "* * * also it must be kept in mind that 'will' and 'would' are used in many instances interchangeably, and that when they are emphasized that they denote persistence, wilfulness, or determination." Again in his brief counsel says: "The entire context of his charge must be considered in the whole on this point and by the sentence breaking down as to what the trial judge was saying."

We have carefully considered this argument and find that it is nothing more than has been presented in many other cases where the questions was heretofore raised and was originally raised in the present lawsuit. For the reasons herein stated the petition to rehear must be denied.