Earl Ray SMITH,

v.

SAVANNAH HOMES, INC., and Carol Alexander, and Minnie Russell, Administratrix for Estate of Kennie Russell.

Ernestine SMITH,

v.

SAVANNAH HOMES, INC., et al.

T. I. M. E.–D. C., INC.,

v.

Minnie RUSSELL, Administratrix for Estate of Kennie Russell, et al.

Nos. C–73–2255, 73–2341, C–73–2356.

United States District Court, W. D. Tennessee, E. D.

July 25, 1974.

Ralph Holt, Holt, Batchelor, Taylor & Spicer, Memphis, Tenn., for plaintiffs Smith.

Michael Miller, Gracey, Maddin, Cowan & Bird, Nashville, Tenn., J. N. Raines, Burch, Porter & Johnson, Memphis, Tenn., for T.I.M.E.

Henry H. Hancock, Farris, Hancock, Gilman, Branan, & Lanier, Memphis, Tenn., for Savannah Homes.

Henry T. V. Miller, Eugene D. Lyne, Memphis, Tenn., for Alexander.

Wm. Lee Lackey, Lackey & Lackey, Savannah, Tenn., for Russell.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, CAROL ALEXANDER

WELLFORD, District Judge.

This case involves a serious truck-trailer accident which occurred on November 16, 1972, in Alabama about two miles west of Town Creek. The Court's jurisdiction is based upon diversity of citizenship, the defendants being residents of Tennessee. Plaintiff Earl Ray Smith was operating a 1967 White Freight-Liner Tractor which collided with a 1972 International Truck being driven by Kennie Russell, deceased. The International Truck was registered to the defendant Carol Alexander. Plaintiff contends that Russell was the agent, servant and employee of the defendants Carol Alexander and Savannah Homes, Inc. Defendant, Carol Alexander, denies the existence of an agency, employment, or master-servant relationship and has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

It is noted that the Court has previously found as a matter of law based upon the record and proof submitted that Kennie Russell was the servant and employee of the defendant Savannah Homes at the time of the accident.

To establish the claimed relationship also between defendant, Carol Alexander, and Mr. Russell, the plaintiffs rely exclusively upon the statutory presumptions of Tenn.Code Ann. §§ 59–1037 [1] and 59–1038. Section 59–1038 provides:

"Registration prima facie evidence of ownership and that operation was

---

1. Upon hearing of this motion the Court granted judgment in favor of defendant Carol Alexander regarding § 59–1037, at which time the issues under § 59–1038 were taken under advisement. Section 59–1037 provides: "Prima facie evidence of ownership

of automobile and use in owner's business. —In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of such

for owner's benefit.—Proof of the registration of said motor propelled vehicle in the name of any person, shall be prima facie evidence of ownership of said motor propelled vehicle by the person in whose name said vehicle is registered; and such proof of registration shall likewise be prima facie evidence that said vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of his employment."

Defendant Alexander relies upon the depositions of Robert C. Price, former general manager of Savannah Homes, Inc., and Billy T. Little, officer of Savannah Homes, Inc., as well as a written lease contract to establish that the International Truck involved in the accident was leased to Savannah Homes by Carol Alexander.

In her own deposition the defendant testified that she did not employ or supervise Kennie Russell in any way. Nothing to the contrary has been adduced.

The defendants presumably have been unable to contradict this proof in any way but are forced to rely upon the statutory presumption of ownership and operation of the vehicle by the owner or his servant for the owner's use and benefit which arises upon proof of registration of a motor vehicle.

The Tennessee courts have consistently held that this presumption shifts the burden of going forward to the defendant with evidence on the point involved. Upon the introduction, however, of uncontradicted, unimpeached evidence to the contrary, the presumption disappears from the case. The presumption is not evidentiary in the sense that it cannot be weighed against unchallenged evidence. Bell Cab and U Drive-It Co. v. Sloan, 193 Tenn. 352, 246 S.W. 2d 41 (1952); Moore v. Union Chevrolet Co., 46 Tenn.App. 206, 326 S.W.2d 855 (1958); McMahan v. Tucker, 31 Tenn. App. 429, 216 S.W.2d 356 (1948). *See also* the recent case of Bullington v. Whitson, 223 Tenn. 315, 444 S.W.2d 152 (1969).

Defendant has met her burden of rebutting the presumption involved in the statute so that plaintiff is left to rely upon the bare allegations of the pleadings. In the applicable words of Rule 56(e):

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is no genuine issue for trial. If he does not so respond, summary judgment if appropriate, shall be entered against him."

Upon consideration of the pleadings, depositions and answers to interrogatories as presented by the parties, the Court is of the opinion that there is no genuine issue as to any material fact concerning the existence of an agency, employment, or master-servant relationship between the defendant, Carol Alexander, and Kennie Russell, deceased. The defendant, Carol Alexander, is entitled to judgment as a matter of law. Therefore, the motion of defendant Carol Alexander for summary judgment is hereby granted and said defendant is hereby ordered dismissed from the action, with costs assessed against the plaintiff and/or cross-plaintiff seeking relief against said defendant Carol Alexander.

vehicle, shall be prima facie evidence that said vehicle at the time of the cause of action sued on was being operated and used with the authority, consent and knowledge of the owner in the very transaction out of which said injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that said vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment. This section is in the nature of remedial legislation, and it is the legislative intent that it be given a liberal construction."